**Chris J. Gallus**
**Attorney at Law**
**1423 Otter Road**
**Helena, MT 59602**
**Ph. (406) 459-8676**
chrisjgalluslaw@gmail.com
galluslaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | | |
|---|---|---|
| **NATHAN PIERCE; MONTANA COALITION FOR RIGHTS; MONTANANS FOR CITIZEN VOTING; GOOD NEIGHBORS FOR MONTANA; AND, SHERRI FERRELL,** | : : : : : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **#_____** |
| v. | : | |
| | : | |
| **COREY STAPLETON, in his official capacity as the Secretary of State for the State of Montana; AND, TIM FOX, in his official as the Attorney General of Montana,** | : : : : : | |
| | : | *Filed Electronically* |
| **Defendants.** | : | |

## <u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

1.      Plaintiffs, NATHAN PIERCE, MONTANA COALITION FOR

RIGHTS, MONTANANS FOR CITIZEN VOTING, GOOD NEIGHBORS FOR

MONTANA AND SHERRI FERRELL, by and through their undersigned legal

counsel, file this civil action for prospective equitable relief against defendants,

COREY STAPLETON, in his official capacity as the Secretary of State, and chief

election official, for the State of Montana and TIM FOX, in his official capacity as

the Attorney General of the State of Montana, requesting preliminary and

permanent injunction and declaratory relief prohibiting Defendants from enforcing

Mont. Code Ann. §13-27-102 (2)(a) (2017), prohibiting out-of-state circulators of

initiative and referendum petitions; and Mont. Code Ann. §13-27-102 (2)(b)

(2017), prohibiting the payment to circulators of initiative and referendum petition

anything of value based upon the number of signatures gathered in violation of

rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the

United States Constitution of the United States.

## NATURE OF THE COMPLAINT

2.     This is an action to enforce rights guaranteed to Plaintiffs under the

First and Fourteenth Amendments to the United States Constitution.

3.     The United States Supreme Court has clearly established that the

collection of signatures on referendum and initiative petitions is core political

speech afforded the highest level of protection under the First and Fourteenth

Amendments to the United States Constitution.

4.     The United States Supreme Court has clearly established through

binding precedent which this Court is bound to apply, that state restrictions placed

on the circulation of referendum and initiative petitions which decreases the pool of available persons to circulate petitions impose severe impairments on protected speech and subject to strict scrutiny analysis.

5.    United States Circuit Courts of Appeal have held that partial and outright bans on per signature payments to petition circulators impose severe restrictions on protected speech and are subject to strict scrutiny analysis.

6.    This is a civil rights action brought pursuant to 42 U.S.C. §1983, seeking prospective equitable relief enjoining Defendants from enforcing Sections 13-27-102 (2)(a) and (b) of the Montana Code and declaring these sections unconstitutional as impairing rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

7.    Plaintiffs ask this Court for preliminary and permanent declaratory and injunctive relief prohibiting Defendants from enforcing Mont. Code Ann. §13-27-102 (2)(a) (2017) against any resident of another state willing to consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

8.    Plaintiffs also ask this Court for preliminary and permanent declaratory and injunctive relief prohibiting Defendants from enforcing Mont.

Code Ann. §13-27-102 (2)(b) against Plaintiffs preventing them from lawfully providing and receiving compensation for the circulation of initiative and referendum petitions based, in whole or in part, on the number of valid signatures collected by each circulator.

## JURISDICTION

9.     Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction over all civil actions arising under the Constitution of the United States.

10.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiffs allege violation of rights guaranteed to them under the First Amendment, as applied to the States through the Fourteenth Amendment to the United States Constitution.

## VENUE

11.     Venue is proper in the United States District Court for the District of Montana under 28 U.S.C. § 1391 as Plaintiffs Nathan Pierce, Montana Coalition for Rights, Good Neighbors for Montana and Montanans for Citizen Voting are residents of the district and Defendants exercise their authority within this district and maintain offices within this district and all of the operative acts or omissions have or will occur within this district.

## PARTIES

12.     Plaintiff Nathan Pierce is a member of Plaintiff Montana Coalition for Rights and is the recognized sponsor of Ballot Issue #15.  Plaintiff has determined that it is necessary to hire out-of-state circulators in order to gather a sufficient number of valid signatures on referendum petitions to place their question to the voters on Montana's 2018 general election ballot.  Plaintiff Nathan Pierce has engaged and/or plans to engage professional petition circulators who employ trained petition circulators who are not residents of the State of Montana, who are willing and able to circulate Plaintiff's initiative petitions and who are willing to consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.  Plaintiff Nathan Pierce has determined that payment of petition circulators on a per valid signature basis will increase the efficiency of the petition circulation drive, increase the validity rate of signatures collected, increase the number of voters that the petition drive can solicit and decrease the cost of gathering the necessary number of valid signatures on referendum petition to place Plaintiff's question on Montana's 2018 general election ballot.  Plaintiff Nathan Pierce resides at 16550 Cottontail Trail in Shepherd, Montana.

13.    Plaintiff Montana Coalition for Rights is an unincorporated association organized as a political committee with the relevant Montana state regulatory authority intent on circulating a petition to place an initiative on Montana's 2018 general election ballot currently designated by Defendant Stapleton as Ballot Issue #15.  Ballot Issue #15 is a proposed constitutional amendment by initiative petition that, if approved by the voters of Montana, will place certain restrictions on the ability of Montana's Legislature to amend or repeal laws enacted by initiative.  Plaintiff has determined that it is necessary to hire out-of-state circulators in order to gather a sufficient number of valid signatures on initiative petitions to place their question to the voters on Montana's 2018 general election ballot.  Plaintiff Montana Coalition for Rights has engaged and/or plans to engage professional petition circulators who employ trained petition circulators who are not residents of the State of Montana, who are willing and able to circulate Plaintiff's initiative questions and who are willing to consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.  Plaintiff Montana Coalition for Rights has determined that payment of petition circulators on a per valid signature basis will increase the efficiency of the petition circulation drive, increase the validity rate of signatures collected, increase

the number of voters that the petition drive can solicit and decrease the cost of gathering the necessary number of valid signatures on referendum petition to place Plaintiff's question on Montana's 2018 general election ballot.  Plaintiff Montana Coalition for Rights is a Montana political committee  headquartered at 16550 Cottontail Trail in Shepherd, Montana.

14.    Plaintiff Montanans for Citizen Voting is a Montana non-profit corporation and political committee intent on circulating a petition to place initiative CI-117 on Montana's 2018 general election ballot.  CI-117 is a proposed constitutional amendment by initiative petition that, if approved by the voters of Montana, will amend the definition of a "qualified elector" to individuals who are US citizens, 18 years of age or older and who have resided in Montana for at least 30 days before an election and provide, with certainty, that non-residents are excluded from voting in Montana elections.  Plaintiff Montanans for Citizen Voting is the sponsor for CI-117 which has been approved for circulation by Defendants Stapleton and Fox.  Plaintiff Montanans for Citizen Voting has determined that it is necessary to hire out-of-state circulators in order to gather a sufficient number of valid signatures on initiative petitions to place their question to the voters on Montana's 2018 general election ballot.  Plaintiff Montanans for Citizen Voting has engaged and/or plans to engage professional petition circulators who employ trained petition circulators who are not residents of the State of

7

Montana, who are willing and able to circulate Plaintiff's petitions and who are willing to consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.  Plaintiff Montanans for Citizen Voting has determined that payment of petition circulators on a per valid signature basis will increase the efficiency of the petition circulation drive, increase the validity rate of signatures collected, increase the number of voters that the petition drive can solicit and decrease the cost of gathering the necessary number of valid signatures on referendum petition to place Plaintiff's question on Montana's 2018 general election ballot. Nels Swandal is Lead Petitioner for CI-117, he resides at 14 Basin Meadow Road, Wilsall, MT 59086 where Plaintiff Montanans for Citizen Voting is headquartered.

15.  Plaintiff Good Neighbors for Montana is an unincorporated association organized as a political committee with the relevant Montana state regulatory authority intent on circulating a petition to place initiative an initiative on Montana's 2018 general election ballot currently designated by Defendant Stapleton as Ballot Issue #16.  Ballot Issue #16 is a proposed constitutional amendment by initiative petition which, if approved by the voters of Montana, will amend Article II, Section 9 of the Montana constitution to allow individuals

accused of violating a law involving civil and misdemeanor penalty to know the

identity of their accuser.  Plaintiff Good Neighbors for Montana has determined

that it is necessary to hire out-of-state circulators in order to gather a sufficient

number of valid signatures on initiative petitions to place Plaintiff's question to the

voters on Montana's 2018 general election ballot.  Plaintiff Good Neighbors for

Montana plans to engage professional referendum circulators who employ trained

petition circulators who are not residents of the State of Montana, who are willing

and able to circulate Plaintiff's referendum petitions and who are willing to

consent to the jurisdiction of the State of Montana for purposes of any

investigation related to the circulation, signing and/or filing of initiative and

referendum petitions as a condition precedent to the right to freely and lawfully

circulate initiative and referendum petitions in the State of Montana.  Plaintiff

Good Neighbors for Montana has determined that payment of petition circulators

on a per valid signature basis will increase the efficiency of the petition circulation

drive, increase the validity rate of signatures collected, increase the number of

voters that the petition drive can solicit and decrease the cost of gathering the

necessary number of valid signatures on referendum petition to place Plaintiff's

question on Montana's 2018 general election ballot.

        16.     Plaintiff Sherri Ferrell is a resident of the State of Florida and has

never been a resident of the State of Montana.  Plaintiff Sherri Ferrell is a trained

professional petition circulator who has circulated election, referendum and initiative petitions in multiple states over the past ten (10) years, including election petitions in California, Washington, Nevada, Arizona, Texas, Massachusetts, Ohio, South Carolina, Illinois and Indiana.  Plaintiff Sherri Ferrell also circulated primary petitions for Newt Gingrich in Montana for his campaign for the 2012 Republican nomination for President of the United State.  Plaintiff is one of the most sought after petition circulators in the United States as she is considered one of the most efficient and productive election petition circulators in the United States.  Plaintiff demands compensation on a per signature basis.  Plaintiff has never committed or been investigated for petition fraud in any state jurisdiction in which she has circulated election petitions.

Plaintiff wants to circulate election and referendum petitions in the State of Montana if she is able to freely and lawfully circulate petitions within the State of Montana and if she is able to be compensated on a per signature basis.  Plaintiff Ferrell is willing, as a condition precedent to freely and lawfully circulating referendum petitions in the State of Montana, to consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions that she circulates within the State of Montana.

17.    Defendant Corey Stapleton is made a party to this action in his official capacity as the Secretary of State and the chief elections official of the State of Montana charged by statute with enforcement of Sections 13-27-102 (2)(a) and (b) of the Montana Code against Plaintiffs.  Defendant Stapleton's principal place of business is located in the State Capitol Building located at 1301 East 6th Avenue in Helena, Montana.

18.    Defendant Tim Fox is the Attorney General for the State of Montana and is charged with investigating and prosecuting violation of the laws of Montana including violation of Sections 13-27-102 (2)(a) and (b) of the Montana Code challenged herein. Defendant Fox's principal place of business is located at 215 North Sanders Street in Helena, Montana.

## RELEVANT FACTUAL ALLEGATIONS

19.    Article XIV of the Montana State Constitution authorizes citizens to propose constitutional amendments by initiative petition.

20.    Proposed constitutional amendments seeking approval by Montana voters requires sponsors, after the proposed constitutional initiative has been approved by Defendants Fox and Stapleton for circulation, to collect valid signatures from ten percent of the total number of votes cast in the last gubernatorial general election, including signatures equal to ten percent of the

votes cast in the last gubernatorial general election in two-fifths of Montana's legislative house districts.

21.  In 2018, Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana must collect and file a minimum of 50,936 valid signatures by June 22, 2018, in order to qualify each of their proposed constitutional amendments (Ballot Issue #15, Ballot Issue #16 and CI-117) for the 2018 general election ballot.

22.    Defendants Stapleton and Fox continue to enforce Sections 13-27-102 (2)(a) and (b).

23.    Defendants Stapleton and Fox continue to require Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana to print on their initiative petitions in the "Instructions to Signature Gathers"  section of the petition, in relevant part, that: "(1) You must be a Montana resident. (2) You cannot be paid per signature…."

24.    Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana want to be able to re-print petitions to exclude from the "Instructions to Signature Gathers" section of the petition that they must be a Montana resident and they cannot be paid per signature to avoid any confusion as to the lawfulness of hiring non-Montana residents to

circulate their initiative petitions and to pay their petition circulators on a per

signature basis.

25.    Section 13-27-102(2) of the Montana Code provides that "A person

gathering signatures for the initiative, the referendum, or to call a constitutional

convention (a) must be a resident, as provided in 1-1-215, of the state of Montana;

and (b) may not be paid anything of value based upon the number of signatures

gathered."

26.    In order to collect the required number of valid signatures to place an

initiative or referendum question on Montana's general election ballot, Plaintiffs

Nathan Pierce, Montanan Coalition for Rights, Montanans for Citizen Voting and

Good Neighbors for Montana have engaged or plan to engage the services of

professional petition circulators who reside outside the State of Montana. These

Plaintiffs will also engage professional circulators who will only work to gather

signatures on Plaintiffs' petitions if Plaintiffs pay the circulators per signature

rather than hourly.

27.    Plaintiff Ferrell, is a professional circulator who intends to assist

Plaintiff Montanans for Citizen Voting to circulate Plaintiff's initiative petitions

within the State of Montana and is willing, as a condition to being able to freely

and lawfully circulate initiative petitions within Montana, to submit to the

jurisdiction of the State of Montana for the purpose of any investigation related to

the circulation, signing and/or filing of initiative and referendum petitions by

sponsored by Plaintiff Montanans for Citizen Voting.

28.     Plaintiff Ferrell will only work for the other Plaintiffs in this action if

she can be lawfully compensated on a per signature collected basis because

compensation on an hourly basis is lower than the compensation that she can

receive for the circulation of election petitions in other states that permit

compensation to petition circulators on a per signature collected basis.  Plaintiff

Ferrell is one of the most sought after election petition circulators in the United

States because she is able to collect a large number of valid signatures is a short

period of time which reduces the overall cost of a petition drive.

29.     The United States Supreme Court has held that the circulation of

initiative and referendum petitions is "core political speech" subject to the highest

level of protection under the First Amendment to the United States Constitution.

30.     The United States Supreme Court has also held that the First

Amendment to the United States Constitution protects plaintiffs' right to hire

professional petition circulators to qualify and place ballot questions on Montana's

ballot.

31.     The prohibition of Section 13-27-102 (2)(a) preventing out-of-state

circulators from free circulating referendum and initiative petitions in Montana

imposes a severe restriction on speech protected under the First Amendment to the

United States Constitution by drastically reducing the number of available message carriers for Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana .

32.     The prohibition of Section 13-27-102 (2)(a) preventing out-of-state circulators from free circulating referendum and initiative petitions in Montana imposes a severe restriction on speech protected under the First Amendment to the United States Constitution by drastically increasing the cost for Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana  to circulate referendum and initiative petitions in the State of Montana.

33.     Section 13-27-102 (2)(a) of the Montana Code does not narrowly advance any compelling governmental interest where out-of-state circulators are willing to consent to the jurisdiction of the State of Montana for the purpose of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions by plaintiffs.

34.     Section 13-27-102 (2)(a) of the Montana Code does not advance any legitimate regulatory interest where out-of-state circulators are willing to consent to the jurisdiction of the State of Montana for the purpose of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions by plaintiffs.

35.     Section 13-27-102 (2)(b) of the Montana Code prohibiting Plaintiffs Nathan Pierce, Montanan Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana  from compensating their petition circulators based on the number of valid signatures collected imposes a severe impairment of their rights guaranteed under the First Amendment to the United States Constitution because it drastically reduces the pool of professional and trained petition circulators available to circulate their initiative petitions because the best professional petition circulators will not work for compensation limited to hourly wages and/or will not work on any basis other than an independent contractor basis.

36.     Section 13-27-102 (2)(b) of the Montana Code prohibiting Plaintiffs Nathan Pierce, Montanan Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana  from compensating their petition circulators based on the number of valid signatures collected imposes a severe impairment of their rights guaranteed under the First Amendment to the United States Constitution because it drastically increases the cost to Plaintiffs to qualify and place an initiative question on Montana's 2018 general election ballot.

37.     Section 13-27-102 (2)(b) of the Montana Code does not narrowly advance any compelling governmental interest.

38.    Section 13-27-102 (2)(b) of the Montana Code does not advance any legitimate regulatory interest of the State of Montana.

39.    The challenged limitation imposed by Section 13-27-102 (2)(a) of the Montana Code is not imposed on the circulation of any other election petitions in Montana, such as petitions to place candidates on Montana's primary and general election ballots.  Only interactive speech to convince voters to sign constitutional initiative and referendum petitions prohibit out-of-state residents from circulating petitions to the voters of Montana.  Accordingly, Section 13-27-102 (2)(a) of the Montana Code is a presumptively invalid content based restriction on protected speech which is subject to strict scrutiny analysis.

40.    The challenged limitation imposed on core political speech by Section 13-27-102 (2)(b) of the Montana Code is not imposed on the circulation of other election petitions in Montana, such as petitions to place candidates on Montana's primary and general election ballots, new political party petitions and petitions to recall statewide elected officials. Compensation to petition circulators is limited to hourly compensation only for petition circulators engaged in interactive speech to convince Montana voters to sign petitions supporting proposed initiatives and referendums.  Accordingly, Section 13-27-102 (2)(b) of the Montana Code is a presumptively invalid content based restriction on protected speech which is subject to strict scrutiny analysis.

17

41.     Defendant Stapleton is the chief elections official for the State of Montana, and at all relevant times is a state actor who is responsible for the enforcement of Sections 13-27-102 (2)(a) and (b) against plaintiffs.

42.     Defendant Stapleton's enforcement of Sections 13-27-102 (2)(a) and (b) of the Montana Code against Plaintiffs is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

43.     Defendant Fox is the chief prosecutor of the State of Montana and at all relevant times is a state actor who is responsible for bringing criminal charges against individuals who violate Sections 13-27-102 (2)(a) and (b) of the Montana Code and is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

44.     Plaintiffs have no other adequate remedy at law.

**COUNT I**
**(Facial Challenge to Section 13-27-102 (2)(a) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)**

45.     Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

46.     The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

47.     The requirement that a circulator be a resident of Montana burdens the free speech rights of all non-residents who wish to exercise their political rights, as well as, the rights of Montana residents to receive and engage in protected speech with non-residents under the First Amendment to the United States Constitution.

48.     Because non-residents of Montana enjoy freedom of speech within the State of Montana, out-of-state circulators who feel strongly about any proposed ballot initiative possess the right to travel to Montana and work to achieve the passage of plaintiffs' initiatives by helping in the circulation of their ballot petitions.

49.     The residency requirement imposed by Section 13-27-102 (2)(a) of the Montana Code limits the ability of Plaintiffs to recruit large numbers of non-resident circulators available to Plaintiffs seeking to place their ballot initiative before the voters of Montana in a general election thereby making it more difficult to obtain the requisite number of signatures to place their ballot initiative on Montana's general election ballot.

50.     The out-of-state circulator ban imposed under Section 13-27-102 (2)(a) of the Montana Code imposes a severe restriction on rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution which is not narrowly tailored to advance any compelling governmental interest or legitimate regulatory interest.

51.     Accordingly, Defendants' enforcement of Section 13-27-102 (2)(a) of the Montana Code is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT II
**(As-Applied Challenge to Section 13-27-102 (2)(a) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)**

52.     Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

53.     The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

54.     The requirement that a circulator be a resident of Montana burdens the free speech rights of all non-residents who wish to exercise their political rights within Montana, as well as, the rights of Montana residents to receive and engage in protected speech with non-residents under the First Amendment to the United States Constitution.

55.     Because non-residents of Montana enjoy freedom of speech within the State of Montana, out-of-state circulators who feel strongly about any proposed ballot initiative possess the right to travel to Montana and work to achieve the passage of plaintiffs' initiatives by helping in the circulation of their initiative petitions.

56.     The residency requirement imposed by Section 13-27-102 (2)(a) of the Montana Code, as applied to Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting, and Good Neighbors for Montana  limits the ability of Plaintiffs to recruit large numbers of non-resident circulators available to Plaintiffs seeking to place their ballot initiative before the voters of Montana in a general election thereby making it more difficult to obtain the requisite number of signatures to place their ballot initiative on Montana's general election ballot.

57.     The residency requirement imposed by Section 13-27-102 (2)(a) of the Montana Code, as applied to Plaintiff Sherri Ferrell severely impairs her ability to exercise rights guaranteed to her by under the First and Fourteenth Amendments to the United States Constitution because it expressly prevents her from exercising her right to engage in core political speech of circulating initiative and referendum petitions within the State of Montana.

58.     The out-of-state circulator ban imposed under Section 13-27-102 (2)(a) of the Montana Code imposes a severe restriction on rights guaranteed to Plaintiffs under the First Amendment and Fourteenth Amendments to the United States Constitution which is not narrowly tailored to advance a compelling governmental interest or legitimate regulatory purpose.

59.     Accordingly, Defendant's enforcement of Section 13-27-102 (2)(a) of the Montana Code, as applied to all Plaintiffs is the direct and proximate cause of the impairment of rights guaranteed to them under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

**COUNT III**
**(Facial Challenge to Section 13-27-102 (2)(b) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)**

60.     Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

61.     The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

62.     Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana are guaranteed the right under the First Amendment to the United States Constitution to hire professional petition circulators to qualify and place their ballot questions on Montana's general election ballot.

63.     The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code that initiative and referendum petition circulators may not be paid anything of value based upon the number of signatures gathered makes it extremely unlikely and far more difficult for Plaintiffs Nathan Pierce, Montana

Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana to obtain the requisite number of signatures required to qualify their initiatives on Montana's 2018 general election ballot.

64.    The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code that initiative and referendum petition circulators may not be paid anything of value based upon the number of signatures gathered drastically reduces the pool of trained and skilled professional circulators who can gather large numbers of valid signatures because they will only agree to work for petition drives if they are compensated based on their number of valid signatures they collect.

65.    The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code that initiative and referendum petition circulators may not be paid anything of value based upon the number of signatures gathered drastically increases the cost of initiative and referendum petition drives because it limits the pool of available circulators to those willing to work for an hourly wages who are usually not previously trained to collect large numbers of valid signatures in short periods of time and requires Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana to hire additional supervisors to directly monitor against circulators who are lazy and not collecting a sufficient number of valid signatures to warrant their hourly wage and

23

to train new circulators to replace previously trained circulators who are terminated owing to poor signature production and lazy work habits.

66.    Petition circulators working for an hourly wage are not motivated to collect large numbers of valid signatures in as short of time as possible,  In fact, initiative and referendum petition circulators who are paid by the hour have a direct economic incentive to collect as few signatures as possible per hour to extend the number of hours they may work thereby extending the petition drive to the last possible date that petitions may be circulated before they must be filed by Plaintiffs with Defendant Stapleton.  In short, petition circulators who may only be paid on an hourly basis pursuant to Section 13-27-102 (2)(b) of the Montana Code have every incentive to collect as few signatures as possible per hour so that they can work as many hours as possible.

67.    The per-signature compensation ban imposed under Section 13-27-102 (2)(b) of the Montana Code imposes a severe restriction on rights guaranteed under the First Amendment to the United States Constitution which is not narrowly tailored to advance a compelling governmental interest or legitimate regulatory purpose.

68.    Accordingly, Defendants' enforcement of Section 13-27-102 (2)(b) of the Montana Code is the direct and proximate cause of the impairment of rights

guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United

States Constitution for which Plaintiffs request relief.

**COUNT IV**
**(As-Applied Challenge to Section 13-27-102 (2)(b) of the Montana Code**
**Under the First and Fourteenth Amendments to the United States**
**Constitution)**

69.     Plaintiffs reassert and allege each preceding paragraph as if set forth

fully herein.

70.     The circulation of initiative and referendum petitions is "core political

speech" protected under the First Amendment to the United States Constitution.

71.     Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for

Citizen Voting and Good Neighbors for Montana are guaranteed the right under

the First Amendment to the United States Constitution to hire professional petition

circulators to qualify and place their ballot questions on Montana's general election

ballot.

72.     The prohibition imposed under Section 13-27-102 (2)(b) of the

Montana Code that initiative and referendum petition circulators may not be paid

anything of value based upon the number of signatures gathered as applied to

Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen

Voting and Good Neighbors for Montana make it extremely unlikely and far more

difficult for these Plaintiffs to obtain the requisite number of signatures required to

qualify their initiatives for placement on Montana's 2018 general election ballot.

73.    The prohibition imposed under Section 13-27-102 (2)(b) of the
Montana Code as applied to Plaintiffs Nathan Pierce, Montana Coalition for
Rights, Montanans for Citizen Voting and Good Neighbors for Montana that
initiative and referendum petition circulators may not be paid anything of value
based upon the number of signatures gathered drastically reduces the pool of
trained and skilled professional circulators who can gather large numbers of valid
signatures because they will only agree to work for petition drives if they are
compensated based on their number of valid signatures they collect.

74.    The prohibition imposed under Section 13-27-102 (2)(b) of the
Montana Code as applied to Plaintiffs Nathan Pierce, Montana Coalition for
Rights, Montanans for Citizen Voting and Good Neighbors for Montana that
initiative and referendum petition circulators may not be paid anything of value
based upon the number of signatures gathered drastically increases the cost of
initiative and referendum petition drives because it limits the pool of available
circulators to those willing to work for an hourly wages who are usually not
previously trained to collect large numbers of valid signatures in short periods of
time and requires Plaintiffs Nathan Pierce, Montana Coalition for Rights,
Montanans for Citizen Voting and Good Neighbors for Montana to hire additional
supervisors to directly monitor against circulators who are lazy and not collecting a
sufficient number of valid signatures to warrant their hourly wage and to train new

circulators to replace previously trained circulators who are terminated owing to poor signature production and lazy work habits.

75.     The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code as applied to Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana that initiative and referendum petition circulators may not be paid anything of value based upon the number of signatures gathered imposes a severe impairment of rights guaranteed under the First and Fourteenth Amendments to the United States Constitution because petition circulators working for an hourly wage are not motivated to collect large numbers of valid signatures in as short of time as possible,  In fact, initiative and referendum petition circulators who are paid by the hour have a direct economic incentive to collect as few signatures as possible per hour to extend the number of hours they may work by extending the petition drive to the last possible date that petitions may be circulated before they must be filed by plaintiff with defendant Stapleton.  In short, petition circulators who may only be paid on an hourly basis pursuant to Section 13-27-102 (2)(b) of the Montana Code have every incentive to collect as few signatures as possible per hour so that they can work as many hours as possible.

76.     The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code as applied to Plaintiff Sherri Ferrell severely impairs her right to

engage in core political speech and be compensated for her work in advancing that speech consistent with her unique skills to collect large numbers of valid signatures in as short a time as possible to help qualify initiative that she supports.

77.    The per-signature compensation ban imposed under Section 13-27-102 (2)(b) of the Montana Code, as applied to Plaintiffs imposes a severe restriction on rights guaranteed under the First Amendment to the United States Constitution which is not narrowly tailored to advance a compelling governmental interest or legitimate regulatory interest.

78.    Accordingly, Defendants' enforcement of Section 13-27-102 (2)(b) of the Montana Code, as applied to all Plaintiffs, is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

**COUNT V**
**(Facial Challenge to Section 13-27-102 (2)(a) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution – Content Based Restriction on Speech)**

79.    Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

80.    The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

81.    The requirement that only initiative and referendum petition circulators must be residents of Montana amounts to a content based restriction on

speech which is presumptively invalid as a severe restriction on rights guaranteed under the First and Fourteenth Amendments to the United States Constitution which is not narrowly tailored to advance a compelling governmental interest or legitimate regulatory purpose.

82.     Accordingly, Defendants' enforcement of Section 13-27-102 (2)(a) of the Montana Code is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT VI
**(Facial Challenge to Section 13-27-102 (2)(b) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution – Content Based Restriction on Speech)**

83.     Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

84.     The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

85.     Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana are guaranteed the right under the First Amendment to the United States Constitution to hire professional petition circulators to qualify and place their ballot questions on Montana's general election ballot.

86.     The prohibition imposed under Section 13-27-102 (2)(b) of the

Montana Code that only initiative and referendum petition circulators may not be

paid anything of value based upon the number of signatures gathered amounts to a

content based restriction on speech which is presumptively invalid as a severe

restriction on rights guaranteed under the First and Fourteenth Amendments to the

United States Constitution which is not narrowly tailored to advance any

compelling state interest or legitimate regulatory purpose.

87.     Accordingly, Defendants' enforcement of Section 13-27-102 (2)(b) of

the Montana Code is the direct and proximate cause of the impairment of rights

guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United

States Constitution for which Plaintiffs request relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.     Enter a declaratory judgment that Section 13-27-102 (2)(a) of the

Montana Code is unconstitutional, on its face, or, in the alternative, as applied to

Plaintiffs Nathan Pierce, Montanan Coalition for Rights, Good Neighbors for

Montana and Montanans for Citizen Voting under right guaranteed to plaintiffs

under the First and Fourteenth Amendments to the United States Constitution;

b.     Enter a declaratory judgment that Section 13-27-102 (2)(b) of the

Montana Code is unconstitutional, on its face, or, in the alternative, as applied to

Plaintiffs Nathan Pierce, Montanan Coalition for Rights, Good Neighbors for Montana and Montanans for Citizen Voting under right guaranteed to plaintiffs under the First and Fourteenth Amendments to the United States Constitution;

c.       Preliminarily and permanently enjoin enforcement by Defendants of Section 13-27-102 (2)(a);

d.       Preliminarily and permanently enjoin enforcement by Defendants of Section 13-27-102 (2)(b);

e.       Order Defendants to accept timely filed initiative petitions and certify valid signatures from Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana which excludes and/or alters from the section of each initiative petitions page "Instructions to Signature Gathers" that the signature gathers: (1) must be a Montana resident; and, (2) cannot be paid per signature.  Plaintiffs may, at their option, print new initiative petitions and/or alter existing printed petitions excluding and/or striking any unconstitutional instructions for signature gathers;

f.       Order Defendants to accept timely filed initiative petitions and certify valid signatures from Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Good Neighbors for Montana on any altered and unaltered initiative petitions consistent with this Court's declaratory and injunctive relief;

g.      Award plaintiffs the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

h.      Retain jurisdiction of this action and grant plaintiffs such other relief which may, in the determination of this Honorable Court, to be necessary and proper.

Respectfully submitted,

Dated:  May 9, 2018


 **/s/ Chris J. Gallus**
Chris J. Gallus
*Attorney for Plaintiffs*
I.D. #4460
1423 Otter Road
Helena, MT 59602-7641
406.459.8676
chrisgalluslaw@gmail.com