GALLUS LAW
Chris J. Gallus
1423 Otter Road
Helena, MT  5962-7641
Phone:  406.459.8676
Chrisjgalluslaw@gmail.com

IMPG ADVOCATES, INC.
Paul A. Rossi
316 Hill Street
Mountville, PA  17554
717.961.8978
Paul-Rossi@comcast.net

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | | |
|---|---|---|
| **NATHAN PIERCE; MONTANA COALITION FOR RIGHTS; MONTANANS FOR CITIZEN VOTING; LIBERTY INITIATIVE FUND; and, SHERRI FERRELL** | : : : : : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **6:18-cv-00063-CCL** |
| **v.** | : | **Judge Charles C. Lovell** |
| | : | |
| **COREY STAPLETON, in his official capacity as the Secretary of State for the State of Montana; TIM FOX, in his official capacity as the Attorney General of Montana; and, JEFF MANGAN in his official capacity as the Commissioner of the Montana Commission on Political Practices,** | : : : : : : : : | **AMENDED COMPLAINT** |
| | : | *Filed Electronically* |
| **Defendants.** | : | |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiffs, NATHAN PIERCE, MONTANA COALITION FOR RIGHTS, MONTANANS FOR CITIZEN VOTING, LIBERTY INITIATIVE FUND and SHERRI FERRELL, by and through their undersigned legal counsel, file this civil action for prospective equitable relief against defendants, COREY STAPLETON, in his official capacity as the Secretary of State, and chief election official, for the State of Montana; and, TIM FOX, in his official capacity as the Attorney General of the State of Montana; and, JEFF MANGAN in his official capacity as the Commissioner of the Montana Commission on Political Practices, requesting permanent injunctive and declaratory relief prohibiting: (1) Defendants Stapleton and Fox from enforcing Mont. Code Ann. §13-27-102 (2)(a) (2017), prohibiting out-of-state circulators of initiative and referendum petitions; (2) Defendants Stapleton and Fox from enforcing Mont. Code Ann. §13-27-102 (2)(b) (2017), prohibiting the payment to circulators of initiative and referendum petition anything of value based upon the number of signatures gathered; and (3) Defendant Mangan from enforcing Mont. Code Ann. § 13-37-203 requiring any campaign or deputy campaign treasurer appointed pursuant to Mont. Code Ann. §§ 13-37-201 and 13-37-202 to be registered voters of the State of Montana, all in

violation of rights guaranteed to Plaintiffs under the Commerce Clause and the

First and Fourteenth Amendments to the United States Constitution.

## **NATURE OF THE COMPLAINT**

2.      This is an action to enforce rights guaranteed to Plaintiffs under the

First and Fourteenth Amendments to the United States Constitution, as well as the

Commerce Clause of the United States Constitution.

3.      Montana does not have the authority under the First and Fourteenth

Amendments to the United States Constitution to close off its borders to, or

otherwise impair the ability of, citizens of other states who wish to participate in

political speech and to join with Montanans to advance common political goals

within the State of Montana.

4.      Montana lacks the authority under both First Amendment and the

Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution to target speech disfavored by members of the Montana Legislature in

the form of the circulation of referendum and initiative petitions directed at

curtailing their own legislative powers by imposing the challenged restrictions on

speech that are not imposed on speech favored by members of the Montana

Legislature, namely the circulation of election petitions to place their own names

on the Montana ballot.  Under the First Amendment, such targeting of speech is

presumptively invalid as a content-based restriction on speech, separate and apart

from the Supreme Court's jurisprudence and analysis with respect to the constitutionality of ballot access restrictions.

5.  Montana does not have the authority to require individuals to abandon rights under the First and Fourteenth Amendments to the United States Constitution by requiring them to register to vote before they may associate with political campaigns in the capacity of treasurer or deputy campaign treasurer.

6.  Montana does not have the authority to limit donations in support of the circulation of referendum and initiative petitions in Montana to political groups who have a Montana registered voter serving as their treasurer and/or deputy campaign treasurer.

7.  The United States Supreme Court has clearly established that the collection of signatures on referendum and initiative petitions is core political speech afforded the highest level of protection under the First and Fourteenth Amendments to the United States Constitution.

8.  The United States Supreme Court has clearly established that state restrictions placed on the circulation of referendum and initiative petitions which decrease the pool of available persons to circulate petitions impose severe impairments on protected speech and subject to strict scrutiny analysis – no matter how many in-state individuals may be available to circulate those petitions, or

chauvinistic desire within Montana to reserve paid petitioning jobs for in-state residents .

9.     Under strict scrutiny analysis, Montana has less restrictive means available to advance any alleged interest than the out-right bans prohibiting out-of-state circulators from freely circulating referendum and initiative petitions in Montana and the out-right ban on compensating petition circulators based on the number of signatures gathered.  A clear consensus of federal district and circuit courts have recognized requiring circulators to submit to the jurisdiction of the state more narrowly advances a state's legitimate interest in ensuring out-of-state circulators are subject to the subpoena powers of the state in the event of any subsequent investigation and prosecution of allegations of petition fraud than blanket bans on out-of-state circulators.  Other states have also successfully imposed prior registration requirements on circulators, including the requirement that circulators present valid identification showing their legal residence to more narrowly advance the state's interest in being able to serve process on out-of-state circulators in the event of subsequent investigation and prosecution of any allegation of petition fraud.  Further, prohibiting compensation for fraudulent signatures fully satisfies and more narrowly advances any alleged state interest against per-signature compensation triggering compensation based temptation to

engage in petition fraud than Montana's current blanket ban on per-signature compensation for referendum and initiative petitions.

10. The business of circulating election petitions is interstate commerce and Montana does not have the authority under the Commerce Clause of the United States Constitution to create an in-state monopoly for in-state petition circulators by prohibiting out-of-state circulators from circulating referendum and initiative petitions in Montana.

11. United States Circuit Courts of Appeal have held that partial and outright bans on per signature payments to petition circulators impose severe restrictions on protected speech and are subject to strict scrutiny analysis.

12. The challenged out-of-state circulator and per-signature payment bans are not imposed on the circulation of election petitions for Montana political candidates. Accordingly, the challenged out-of-state circulator and per-signature payment bans specifically targeting speech required to place initiative and referendum questions on Montana's general election ballot also impair rights independently guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Equal protection violations cannot be saved under First Amendment analysis. Under the Equal Protection clause, Montana cannot impose out-of-state circulators and pre signature payment bans –

for whatever reason – unless those restrictions are imposed on all similar election petition activity.

13.     The requirement imposed pursuant to Mont. Code Ann. § 13-37-203 requiring any campaign or deputy campaign treasurer appointed pursuant to Mont. Code Ann. §§ 13-37-201 and 13-37-202 to be registered voters of the State of Montana reduces the number of persons available to serve as campaign and/or deputy campaign treasurers and imposes an unconstitutional condition on Montana residents to register to vote before they may exercise rights guaranteed under the First Amendment to associate with campaigns of their choice in the capacity of a treasurer and/or deputy campaign treasurer.

14.     This is a civil rights action brought pursuant to 42 U.S.C. §1983, seeking prospective equitable relief enjoining Defendants from enforcing Sections 13-27-102 (2)(a), (b) and 13-37-203 of the Montana Code and declaring these sections unconstitutional as impairing rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.  Plaintiffs also seek prospective equitable relief enjoining Defendants from enforcing Section 13-27-102(2)(a) as a violation of rights guaranteed to Plaintiffs under the Commerce Clause of the United States Constitution.

15.     Plaintiffs ask this Court for permanent declaratory and injunctive relief prohibiting Defendants from enforcing Mont. Code Ann. §13-27-102 (2)(a)

against any resident of another state willing to both: (1) register with the State of Montana including the production of a valid state and/or federal photo identification establishing their legal residence; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

16.     Plaintiffs also ask this Court for permanent declaratory and injunctive relief prohibiting Defendants from enforcing Mont. Code Ann. §13-27-102 (2)(b) against Plaintiffs preventing them from lawfully providing and receiving compensation for the circulation of initiative and referendum petitions based, in whole or in part, on the number of valid signatures collected by each circulator.

17.     Plaintiffs also ask this Court for permanent declaratory and injunctive relief prohibiting Defendants from enforcing Mont. Code Ann. § 13-37-203 requiring Plaintiffs' campaign and/or deputy campaign treasurers to be registered voters of the State of Montana.

## JURISDICTION

18.     Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction over all civil actions arising under the Constitution of the United States.

19.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiffs allege violation of rights guaranteed to them under the First Amendment, as applied to the States through the Fourteenth Amendment to the United States Constitution.

## VENUE

20.     Venue is proper in the United States District Court for the District of Montana under 28 U.S.C. § 1391 as Plaintiffs Nathan Pierce, Montana Coalition for Rights and Montanans for Citizen Voting are individuals and organizations who are residents of the district and Defendants exercise their authority within this district and maintain offices within this district and all of the operative acts or omissions have or will occur within this district.

## PARTIES

21.     Plaintiff Nathan Pierce is a member of Plaintiff Montana Coalition for Rights, an unincorporated organization intending to circulate referendum and initiative petitions for the 2020 general elections.  Plaintiff has determined that it is necessary to hire out-of-state circulators in order to gather a sufficient number of valid signatures on referendum petitions to place their question to the voters on Montana's 2020 general election ballot.

There are only two professional petition circulating firms in the State of Montana, one of which, M+R Strategies, only circulate referendum and initiative

petitions advancing a liberal agenda, placing conservative referendum and initiative issues at a greater disadvantage. The in-state monopoly created by the challenged restrictions allow in-state petition circulators to charge inflated rates and provide sub-par and inefficient services imposing additional and excessive costs on Plaintiff Pierce's First Amendment speech in Montana. The in-state monopoly created by the challenged restrictions in the Montana petition circulation business also allows a few Montana professional circulators to hold a veto over the circulation of Plaintiff Pierce's initiative and referendum petitions that they do not favor and/or the ability to charge Plaintiff Pierce inflated rates on the circulation of such initiative and referendum petitions.

Plaintiff Nathan Pierce has engaged and/or plans to engage professional petition circulators who employ trained petition circulators who are not residents of the State of Montana, who are willing and able to circulate Plaintiff's initiative petitions and who are willing to both: (1) register with the State of Montana including the production of a valid state and/or federal photo identification establishing their legal residence; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

Plaintiff Nathan Pierce has determined that payment of petition circulators on a per valid signature basis will increase the efficiency of the petition circulation drive, increase the validity rate of signatures collected, increase the number of voters that the petition drive can solicit and decrease the cost of gathering the necessary number of valid signatures on referendum petition to place Plaintiff's question on Montana's 2020 general election ballot. Plaintiff Nathan Pierce resides at 16550 Cottontail Trail in Shepherd, Montana.

22. Plaintiff Montana Coalition for Rights is an unincorporated association that intends to re-activate to be organized as a political committee with the relevant Montana state regulatory authority intent on circulating a petition to place an initiative on Montana's 2020 general election ballot that, if approved by the voters of Montana, will place certain restrictions on the ability of Montana's Legislature to amend or repeal laws enacted by initiative.

There are only two professional petition circulating firms in the State of Montana, one of which, M+R Strategies, only circulate referendum and initiative petitions advancing a liberal agenda, placing conservative referendum and initiative issues at a greater disadvantage. The in-state monopoly created by the challenged restrictions allow in-state petition circulators to charge inflated rates and provide sub-par and inefficient services imposing additional excessive costs on Plaintiff Montana Coalition for Rights' First Amendment speech in Montana. The

in-state monopoly created by the challenged restrictions in the Montana petition circulation business also allows a few professional circulators to hold a veto over the circulation of Plaintiff Montana Coalition for Rights' initiative and referendum petitions that they do not favor, or the ability to charge Plaintiff Montana Coalition for Rights inflated rates on the circulation of such initiative and referendum petitions.

Plaintiff has determined that it is necessary to hire out-of-state circulators in order to gather a sufficient number of valid signatures on initiative petitions to place their question to the voters on Montana's 2020 general election ballot. Plaintiff Montana Coalition for Rights has engaged and/or plans to engage professional petition circulators who employ trained petition circulators who are not residents of the State of Montana, who are willing and able to circulate Plaintiff's initiative questions and who are willing to both: (1) register with the State of Montana including the production of a valid state and/or federal photo identification establishing their legal residence; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

Plaintiff Montana Coalition for Rights has determined that payment of petition circulators on a per valid signature basis will increase the efficiency of the petition circulation drive, increase the validity rate of signatures collected, increase the number of voters that the petition drive can solicit and decrease the cost of gathering the necessary number of valid signatures on referendum petition to place Plaintiff's question on Montana's 2020 general election ballot. Plaintiff Montana Coalition for Rights is a Montana political committee  headquartered at 16550 Cottontail Trail in Shepherd, Montana.

23.     Plaintiff Montanans for Citizen Voting is a Montana non-profit corporation organized to qualify and pass referendum and initiative petitions and has filed as a Montana statewide ballot issue political committee with the Montana Commissioner of Political Practices intent on circulating a petition to place the same initiative that Defendants Stapleton and Fox authorized to be circulated as CI-117 for Montana's 2018 general election on the 2020 general election ballot. The proposed constitutional amendment by initiative petition, if approved by the voters of Montana, will amend the definition of a "qualified elector" to individuals who are US citizens, 18 years of age or older and who have resided in Montana for at least 30 days before an election and provide, with certainty, that non-residents are excluded from voting in Montana elections. Plaintiff Montanans for Citizen Voting was the sponsor for CI-117 in 2018 and will be the sponsor for the same

initiative for the 2020 general election. Plaintiff Montanans for Citizen Voting has determined that it is necessary to hire out-of-state circulators in order to gather a sufficient number of valid signatures on initiative petitions to place their question to the voters on Montana's 2020 general election ballot.

There are only two professional petition circulating firms in the State of Montana, one of which, M+R Strategies, only circulate referendum and initiative petitions advancing a liberal agenda, placing conservative referendum and initiative issues at a greater disadvantage. The in-state monopoly created by the challenged restrictions allow in-state petition circulators to charge inflated rates and provide sub-par and inefficient services imposing additional excessive costs on Plaintiff Montanans for Citizen Voting's First Amendment speech in Montana. The in-state monopoly created by the challenged restrictions in the Montana petition circulation business also allows a few professional circulators to hold a veto over the circulation of Plaintiff Montanans for Citizen Voting's initiative and referendum petitions that they do not favor and/or the ability to charge Plaintiff Montanans for Citizen Voting inflated rates on the circulation of such initiative and referendum petitions.

Plaintiff Montanans for Citizen Voting has engaged and/or plans to engage professional petition circulators who employ trained petition circulators who are not residents of the State of Montana, who are willing and able to circulate

Plaintiff's petitions and who are willing to both: (1) register with the State of Montana including the production of a valid state and/or federal photo identification establishing their legal residence; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

Plaintiff Montanans for Citizen Voting has determined that payment of petition circulators on a per valid signature basis will increase the efficiency of the petition circulation drive, increase the validity rate of signatures collected, increase the number of voters that the petition drive can solicit and decrease the cost of gathering the necessary number of valid signatures on referendum petition to place Plaintiff's question on Montana's 2020 general election ballot. Nels Swandal was the Lead Petitioner for CI-117, and will sponsor the same initiative for the 2020 general election. Nels Swandal resides at 14 Basin Meadow Road, Wilsall, MT 59086 where Plaintiff Montanans for Citizen Voting is headquartered.

24.     Plaintiff Liberty Initiative Fund is a non-Montana national organization who supports the adoption of state initiative and referendum questions that expressly limit voting rights to United States citizen.  Plaintiff Liberty Initiative Fund has donated funds and will continue to donate funds to Plaintiff

Montanans for Citizen Voting and is, therefore required to have a Montana registered voter as its treasurer and/or deputy campaign treasurer. Plaintiff Liberty Initiative Fund does not want to limit its treasurer or deputy treasurer to a Montana registered voter as a condition precedent to supporting the efforts of Montanans for Citizen Voting in the circulation of referendum petitions to place their ballot question on the 2020 general election.

Plaintiff Liberty Initiative Fund is headquartered at 13168 Centerpointe Way, Suite 202, Woodbridge, Virginia, 22193.

25.    Plaintiff Sherri Ferrell is a resident of the State of Florida and has never been a resident of the State of Montana. Plaintiff Sherri Ferrell is a trained professional petition circulator who has circulated election, referendum and initiative petitions in multiple states over the past ten (10) years, including election petitions in California, Washington, Nevada, Arizona, Texas, Massachusetts, Ohio, South Carolina, Illinois and Indiana. Plaintiff Sherri Ferrell also circulated primary petitions for Newt Gingrich in Montana for his campaign for the 2012 Republican nomination for President of the United States. Plaintiff is one of the most sought after petition circulators in the United States as she is considered one of the most efficient and productive election petition circulators in the United States. Plaintiff demands compensation on a per signature basis. Plaintiff has never committed or

been investigated for petition fraud in any state jurisdiction in which she has circulated election petitions.

Plaintiff Ferrell wants to circulate election and referendum petitions in the State of Montana if she is able to freely and lawfully circulate petitions within the State of Montana and if she is able to be compensated on a per signature basis. Plaintiff Ferrell is willing, as a condition precedent to freely and lawfully circulating referendum petitions in the State of Montana, is willing to both: (1) register with the State of Montana, including the production of a valid state and/or federal photo identification establishing their legal residence to any designated state official, and has done so in state jurisdictions that require prior registration before they are permitted to circulate election petitions within the state; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

26. Defendant Corey Stapleton is made a party to this action in his official capacity as the Secretary of State and the chief elections official of the State of Montana charged by statute with enforcement of Sections 13-27-102 (2)(a) and (b) of the Montana Code against Plaintiffs. Defendant Stapleton's principal place of

business is located in the State Capitol Building located at 1301 East 6th Avenue in Helena, Montana.

27. Defendant Tim Fox is the Attorney General for the State of Montana and is charged with investigating and prosecuting violation of the laws of Montana including violation of Sections 13-27-102 (2)(a) and (b) of the Montana Code challenged herein. Defendant Fox's principal place of business is located at 215 North Sanders Street in Helena, Montana.

28. Defendant Jeff Mangan is the Commissioner of the Montana Commission on Political Practices and is charged with all civil enforcement matters pertaining to Montana campaign finance laws as contained in Title 13, Chapters 35 and 37 of the Montana Code. Defendant Mangan's principal place of business is located at 1209 8th Avenue, Helena, Montana, 59601.

## RELEVANT FACTUAL ALLEGATIONS

29. Article XIV of the Montana State Constitution authorizes citizens to propose constitutional amendments by initiative petition.

30. Proposed constitutional amendments seeking approval by Montana voters requires sponsors, after the proposed constitutional initiative has been approved by Defendants Fox and Stapleton for circulation, to collect valid signatures from ten percent of the total number of votes cast in the last gubernatorial general election, including signatures equal to ten percent of the

votes cast in the last gubernatorial general election in two-fifths of Montana's legislative house districts.

31.     Plaintiffs Nathan Pierce, Montana Coalition for Rights, and Montanans for Citizen Voting must collect and timely file a minimum of approximately 50,936 valid signatures in order to qualify each of their proposed state constitutional amendments for the 2020 general election ballot.

32.     Defendants Stapleton and Fox continue to enforce Sections 13-27-102 (2)(a) and (b) of the Montana Code.

33.     Defendant Mangan continues to enforce Section 13-37-203 of the Montana Code.

34.     Defendants Stapleton and Fox continue to require Plaintiffs Nathan Pierce, Montana Coalition for Rights, and Montanans for Citizen Voting to print on their initiative petitions in the "Instructions to Signature Gathers" section of the petition, in relevant part, that: "(1) You must be a Montana resident. (2) You cannot be paid per signature…."

35.     Plaintiffs Nathan Pierce, Montana Coalition for Rights, and Montanans for Citizen Voting want to be able to print petitions for the 2020 general election to exclude from the "Instructions to Signature Gathers" section of the petition that they must be a Montana resident and they cannot be paid per signature to avoid any confusion as to the lawfulness of hiring non-Montana

residents to circulate their initiative petitions and to pay their petition circulators on a per signature basis.

36.     Section 13-27-102(2) of the Montana Code provides that "A person gathering signatures for the initiative, the referendum, or to call a constitutional convention (a) must be a resident, as provided in 1-1-215, of the state of Montana; and (b) may not be paid anything of value based upon the number of signatures gathered."

37.     In order to collect the required number of valid signatures to place an initiative or referendum question on Montana's general election ballot, Plaintiffs Nathan Pierce, Montanan Coalition for Rights, and Montanans for Citizen Voting and have engaged or plan to engage the services of professional petition circulators who reside outside the State of Montana. These Plaintiffs will also engage some professional circulators who will only work to gather signatures on Plaintiffs' petitions if Plaintiffs compensate them based on the number of valid signatures that they are able to timely collect rather than compensation based on the number of hours they work.

38.     Plaintiff Ferrell, is a professional circulator who intends to assist Plaintiff Montanans for Citizen Voting to circulate Plaintiff's initiative petitions within the State of Montana for the 2020 general election and is willing, as a condition to being able to freely and lawfully circulate initiative petitions within

Montana, to both: (1) register with the State of Montana, including the production of a valid state and/or federal photo identification establishing their legal residence to any designated state official, and has done so in state jurisdictions that require prior registration before they are permitted to circulate election petitions within the state; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions in the State of Montana.

39.    Plaintiff Ferrell will only work for the other Plaintiffs in this action if she can be lawfully compensated on a lawful per-signature collected basis because compensation on an hourly basis is lower than the compensation that she can receive for the circulation of election petitions in other states that permit compensation to petition circulators on a per signature collected basis.  Plaintiff Ferrell is one of the most sought after election petition circulators in the United States because she is able to collect a large number of valid signatures is a short period of time which reduces the overall cost of a petition drive.

40.    Plaintiffs Pierce, Montana Coalition for Rights and Montanans for Citizen Voting intend to only pay for lawfully gathered signatures.

41.    Plaintiffs Pierce, Montana Coalition for Rights and Montanans for Citizen Voting lack any interest in compensating circulators for unlawfully gathered signatures.

42.     Plaintiffs Pierce, Montana Coalition for Rights and Montanans for Citizen Voting are willing, as a condition precedent to compensating their petition circulators on a lawful per-signature basis, to expressly limit compensation to signatures that are deemed by Defendant Stapleton to have been collected in a lawful manner subsequent to Defendant Stapleton's office review of petition signatures.

43.     The United States Supreme Court has held that the circulation of initiative and referendum petitions is "core political speech" subject to the highest level of protection under the First Amendment to the United States Constitution.

44.     The United States Supreme Court has also held that the First Amendment to the United States Constitution protects plaintiffs' right to hire professional petition circulators to qualify and place ballot questions on Montana's ballot.

45.     The prohibition of Section 13-27-102 (2)(a) preventing out-of-state circulators from free circulating referendum and initiative petitions in Montana imposes a severe restriction on speech protected under the First Amendment to the United States Constitution by drastically reducing the number of available message carriers for Plaintiffs Nathan Pierce, Montana Coalition for Rights, and Montanans for Citizen Voting.

46.     The prohibition of Section 13-27-102 (2)(a) preventing out-of-state circulators from free circulating referendum and initiative petitions in Montana imposes a severe restriction on speech protected under the First Amendment to the United States Constitution by drastically increasing the cost for Plaintiffs Nathan Pierce, Montana Coalition for Rights, and Montanans for Citizen Voting to circulate referendum and initiative petitions in the State of Montana.

47.     Section 13-27-102 (2)(a) of the Montana Code does not narrowly advance any compelling governmental interest where out-of-state circulators are willing to both: (1) register with the State of Montana, including the production of a valid state and/or federal photo identification establishing their legal residence to any designated state official, and has done so in state jurisdictions that require prior registration before they are permitted to circulate election petitions within the state; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

48.     Section 13-27-102 (2)(a) of the Montana Code does not advance any legitimate regulatory interest where out-of-state circulators are willing To both: (1) register with the State of Montana, including the production of a valid state and/or federal photo identification establishing their legal residence to any

designated state official, and has done so in state jurisdictions that require prior registration before they are permitted to circulate election petitions within the state; and (2) consent to the jurisdiction of the State of Montana for purposes of any investigation related to the circulation, signing and/or filing of initiative and referendum petitions as a condition precedent to the right to freely and lawfully circulate initiative and referendum petitions in the State of Montana.

49.     Section 13-27-102 (2)(b) of the Montana Code prohibiting Plaintiffs Nathan Pierce, Montanan Coalition for Rights, and Montanans for Citizen Voting from compensating their petition circulators based on the number of valid signatures collected imposes a severe impairment of their rights guaranteed under the First Amendment to the United States Constitution because it drastically reduces the pool of professional and trained petition circulators available to circulate their initiative petitions because the best professional petition circulators will not work for compensation limited to hourly wages and/or will not work on any basis other than an independent contractor basis.

50.     Section 13-27-102 (2)(b) of the Montana Code prohibiting Plaintiffs Nathan Pierce, Montanan Coalition for Rights, and Montanans for Citizen Voting from compensating their petition circulators based on the number of valid signatures collected imposes a severe impairment of their rights guaranteed under the First Amendment to the United States Constitution because it drastically

increases the cost to Plaintiffs to qualify and place an initiative question on Montana's 2018 general election ballot.

51.　　Section 13-27-102 (2)(b) of the Montana Code does not narrowly advance any compelling governmental interest.

52.　　Section 13-27-102 (2)(b) of the Montana Code does not advance any legitimate regulatory interest of the State of Montana.

53.　　The challenged limitation imposed by Section 13-27-102 (2)(a) of the Montana Code is not imposed on the circulation of any other election petitions in Montana, such as petitions to place candidates on Montana's primary and general election ballots.  Only interactive speech to convince voters to sign constitutional initiative and referendum petitions prohibit out-of-state residents from circulating petitions to the voters of Montana.

54.　　The challenged limitation imposed on core political speech by Section 13-27-102 (2)(b) of the Montana Code is not imposed on the circulation of other election petitions in Montana, such as petitions to place candidates on Montana's primary and general election ballots, new political party petitions and petitions to recall statewide elected officials. Compensation to petition circulators is limited to hourly compensation only for petition circulators engaged in interactive speech to convince Montana voters to sign petitions supporting proposed initiatives and referendums.

55.     Defendant Stapleton has publicly admitted in an article published in the Independent Record on May 16, 2018 as reported by Holly K. Michels, that the ban on out-of-state circulators contained in Section 13-27-102(2)(a)  is "likely unconstitutional and a tad bit un-neighborly."

56.     Defendant Stapleton is further reported as admitting that he questioned whether out of state business doing business in Montana "should be kept out of the initiative process on issues they want a voice in."

57.     Defendant Stapleton also admitted that out-of-staters "can lobby the Legislature when it is debating bills, which he said creates inconsistency between the two processes.

58.     Plaintiff Liberty Initiative Fund contributed funds to Montanans for Citizen Voting in 2018 and will contribute funds to them for their 2020 effort to place their initiative and/or referendum question on the 2020 ballot for approval by the Montanan electorate.

59.     Plaintiff Liberty Initiative Fund is not a resident of the State of Montana and contributes to the cause of ensuring that only United States citizens legally cast ballots in local, state and federal elections in states across America.

60.     Plaintiff Liberty Initiative Fund does not want to appoint or continue to appoint a Montana registered voter to be its treasure or deputy treasurer.

61.     Plaintiff Liberty Initiative Fund is willing to submit to the jurisdiction of Montana for the investigation and enforcement of Montana's campaign finance laws.

62.     The business of professionally circulating election petitions is commerce that crosses state lines constituting interstate commerce.

63.     Professional election petition circulators travel from state to state to earn a living through the compensation of their services in collecting valid signatures on election petitions and timely filing them with state officials.

64.     Section 13-27-102(2)(a) facially discriminates against out-of-state professional election petition circulators engaged in interstate commerce, including the circulation of initiative and referendum petitions in Montana, by prohibiting them from freely circulating referendum and initiative petitions in the State of Montana and reserving the business of circulating referendum and initiative petitions to in-state professional petition circulators.

65.     There are only two professional petition circulating firms in the State of Montana.

66.     One of the two professional circulating firms based in Montana, M+R Strategies, only circulate referendum and initiative petitions advancing a liberal agenda, placing conservative referendum and initiative issues at a greater disadvantage.

67.     The in-state monopoly created by the challenged restrictions allow in-state petition circulators to charge inflated rates and provide sub-par and inefficient services imposing additional excessive costs on First Amendment speech in Montana.

68.     The in-state monopoly created by the challenged restrictions in the Montana petition circulation business also allows a few professional circulators to hold a veto over the circulation of initiative and referendum petitions that they do not favor, or the ability to charge inflated rates on the circulation of such initiative and referendum petitions.

69.     Defendant Stapleton is the chief elections official for the State of Montana, and at all relevant times is a state actor who is responsible for the enforcement of Sections 13-27-102 (2)(a) and (b) against plaintiffs.

70.     Defendant Stapleton's enforcement of Sections 13-27-102 (2)(a) and (b) of the Montana Code against Plaintiffs is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

71.     Defendant Fox is the chief prosecutor of the State of Montana and at all relevant times is a state actor who is responsible for bringing criminal charges against individuals who violate Sections 13-27-102 (2)(a) and (b) of the Montana Code and is the direct and proximate cause of the impairment of rights guaranteed

to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

72.     Defendant Mangan is charged with all civil enforcement matters pertaining to Montana campaign finance laws as contained in Title 13, Chapters 35 and 37 of the Montana Code.  Accordingly, Defendant Mangan is a state actor charged with enforcing the challenged provisions of Section 13-37-203 of the Montana Code against Plaintiffs.

73.     Plaintiffs have no other adequate remedy at law.

**COUNT I**
**(Facial Challenge to Section 13-27-102 (2)(a) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)**

74.     Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

75.     The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

76.     The requirement that a circulator be a resident of Montana burdens the free speech rights of all non-residents who wish to exercise their political rights, as well as, the rights of Montana residents to receive and engage in protected speech with non-residents under the First Amendment to the United States Constitution.

77.     Because non-residents of Montana enjoy freedom of speech within the State of Montana, out-of-state circulators who feel strongly about any proposed

ballot initiative possess the right to travel to Montana and work to achieve the passage of Plaintiffs' initiatives by helping in the circulation of their referendum and initiative petitions.

78.     The residency requirement imposed by Section 13-27-102 (2)(a) of the Montana Code limits the ability of Plaintiffs to recruit large numbers of non-resident circulators available to Plaintiffs seeking to place their ballot initiative before the voters of Montana in a general election thereby making it more difficult to obtain the requisite number of signatures to place their ballot initiative on Montana's general election ballot.

79.     The out-of-state circulator ban imposed under Section 13-27-102(2)(a) of the Montana Code is a content based restriction on speech which is presumptively invalid as the challenged restriction is placed only on speech advocating support for initiative and referendum petitions and not candidate petitions.

80.     The out-of-state circulator ban imposed under Section 13-27-102 (2)(a) of the Montana Code imposes a severe restriction on rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution which is not narrowly tailored to advance any compelling governmental interest or legitimate regulatory interest.

81.     Accordingly, Defendants' enforcement of Section 13-27-102 (2)(a) of the Montana Code is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT II
**(As-Applied Challenge to Section 13-27-102 (2)(a) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)**

82.     Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

83.     The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

84.     The requirement that a circulator be a resident of Montana burdens the free speech rights of all non-residents who wish to exercise their political rights within Montana, as well as, the rights of Montana residents to receive and engage in protected speech with non-residents under the First Amendment to the United States Constitution.

85.     Because non-residents of Montana enjoy freedom of speech within the State of Montana, out-of-state circulators who feel strongly about any proposed ballot initiative possess the right to travel to Montana and work to achieve the passage of plaintiffs' initiatives by helping in the circulation of their initiative petitions.

86.     The residency requirement imposed by Section 13-27-102 (2)(a) of the Montana Code, as applied to Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting, and the Liberty Initiative Fund limits the ability of Plaintiffs to recruit large numbers of non-resident circulators available to Plaintiffs seeking to place their ballot initiative before the voters of Montana in a general election thereby making it more difficult to obtain the requisite number of signatures to place their ballot initiative on Montana's general election ballot.

87.     The residency requirement imposed by Section 13-27-102 (2)(a) of the Montana Code, as applied to Plaintiff Sherri Ferrell severely impairs her ability to exercise rights guaranteed to her by under the First and Fourteenth Amendments to the United States Constitution because it expressly prevents her from exercising her right to engage in core political speech of circulating initiative and referendum petitions within the State of Montana.

88.     The out-of-state circulator ban imposed under Section 13-27-102(2)(a) of the Montana Code, as applied to all Plaintiffs, is a content based restriction on speech which is presumptively invalid as the challenged restriction is placed only on speech advocating support for initiative and referendum petitions and not candidate petitions.

89.     The out-of-state circulator ban imposed under Section 13-27-102 (2)(a) of the Montana Code imposes a severe restriction on rights guaranteed to

Plaintiffs under the First Amendment and Fourteenth Amendments to the United

States Constitution which is not narrowly tailored to advance a compelling

governmental interest or legitimate regulatory purpose.

90.     Accordingly, Defendant's enforcement of Section 13-27-102 (2)(a) of

the Montana Code, as applied to all Plaintiffs is the direct and proximate cause of

the impairment of rights guaranteed to them under the First and Fourteenth

Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT III
### (Facial Challenge to Section 13-27-102 (2)(b) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

91.     Plaintiffs reassert and allege each preceding paragraph as if set forth

fully herein.

92.     The circulation of initiative and referendum petitions is "core political

speech" protected under the First Amendment to the United States Constitution.

93.     Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for

Citizen Voting, and the Liberty Initiative Fund are guaranteed the right under the

First Amendment to the United States Constitution to hire professional petition

circulators to qualify and place their ballot questions on Montana's general election

ballot.

94.     The prohibition imposed under Section 13-27-102 (2)(b) of the

Montana Code that initiative and referendum petition circulators may not be paid

anything of value based upon the number of signatures gathered makes it extremely unlikely and far more difficult for Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and Liberty Initiative Fund to obtain the requisite number of signatures required to qualify their initiatives on Montana's 2020 general election ballot.

95.     The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code that initiative and referendum petition circulators may not be paid anything of value based upon the number of signatures gathered drastically reduces the pool of trained and skilled professional circulators who can gather large numbers of valid signatures because they will only agree to work for petition drives if they are compensated based on their number of valid signatures they collect.

96.     The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code that initiative and referendum petition circulators may not be paid anything of value based upon the number of signatures gathered drastically increases the cost of initiative and referendum petition drives because it limits the pool of available circulators to those willing to work for an hourly wages who are usually not previously trained to collect large numbers of valid signatures in short periods of time and requires Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund to hire

additional supervisors to directly monitor against circulators who are lazy and not collecting a sufficient number of valid signatures to warrant their hourly wage and to train new circulators to replace previously trained circulators who are terminated owing to poor signature production and lazy work habits.

97.     Petition circulators working for an hourly wage are not motivated to collect large numbers of valid signatures in as short of time as possible,  In fact, initiative and referendum petition circulators who are paid by the hour have a direct economic incentive to collect as few signatures as possible per hour to extend the number of hours they may work thereby extending the petition drive to the last possible date that petitions may be circulated before they must be filed by Plaintiffs with Defendant Stapleton.  In short, petition circulators who may only be paid on an hourly basis pursuant to Section 13-27-102 (2)(b) of the Montana Code have every incentive to collect as few signatures as possible per hour so that they can work as many hours as possible.

98.     The per-signature compensation ban imposed under Section 13-27-102(2)(b) of the Montana Code is a content based restriction on speech which is presumptively invalid as the challenged restriction is placed only on speech advocating support for initiative and referendum petitions and not candidate petitions.

99.    The per-signature compensation ban imposed under Section 13-27-102 (2)(b) of the Montana Code imposes a severe restriction on rights guaranteed under the First Amendment to the United States Constitution which is not narrowly tailored to advance a compelling governmental interest or legitimate regulatory purpose.

100.    Accordingly, Defendants' enforcement of Section 13-27-102 (2)(b) of the Montana Code is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT IV
## (As-Applied Challenge to Section 13-27-102 (2)(b) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

101.    Plaintiffs reassert and allege each preceding paragraph as if set forth fully herein.

102.    The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution.

103.    Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund are guaranteed the right under the First Amendment to the United States Constitution to hire professional petition circulators to qualify and place their ballot questions on Montana's general election ballot.

104.   The prohibition imposed under Section 13-27-102 (2)(b) of the
Montana Code that initiative and referendum petition circulators may not be paid
anything of value based upon the number of signatures gathered as applied to
Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen
Voting and the Liberty Initiative Fund make it extremely unlikely and far more
difficult for these Plaintiffs to obtain the requisite number of signatures required to
qualify their initiatives for placement on Montana's 2018 general election ballot.

105.   The prohibition imposed under Section 13-27-102 (2)(b) of the
Montana Code as applied to Plaintiffs Nathan Pierce, Montana Coalition for
Rights, Montanans for Citizen Voting and the Liberty Initiative Fund that initiative
and referendum petition circulators may not be paid anything of value based upon
the number of signatures gathered drastically reduces the pool of trained and
skilled professional circulators who can gather large numbers of valid signatures
because they will only agree to work for petition drives if they are compensated
based on their number of valid signatures they collect.

106.   The prohibition imposed under Section 13-27-102 (2)(b) of the
Montana Code as applied to Plaintiffs Nathan Pierce, Montana Coalition for
Rights, Montanans for Citizen Voting and the Liberty Initiative Fund that initiative
and referendum petition circulators may not be paid anything of value based upon
the number of signatures gathered drastically increases the cost of initiative and

referendum petition drives because it limits the pool of available circulators to those willing to work for an hourly wages who are usually not previously trained to collect large numbers of valid signatures in short periods of time and requires Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund to hire additional supervisors to directly monitor against circulators who are lazy and not collecting a sufficient number of valid signatures to warrant their hourly wage and to train new circulators to replace previously trained circulators who are terminated owing to poor signature production and lazy work habits.

107. The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code as applied to Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund that initiative and referendum petition circulators may not be paid anything of value based upon the number of signatures gathered imposes a severe impairment of rights guaranteed under the First and Fourteenth Amendments to the United States Constitution because petition circulators working for an hourly wage are not motivated to collect large numbers of valid signatures in as short of time as possible, In fact, initiative and referendum petition circulators who are paid by the hour have a direct economic incentive to collect as few signatures as possible per hour to extend the number of hours they may work by extending the petition drive

to the last possible date that petitions may be circulated before they must be filed by plaintiff with defendant Stapleton. In short, petition circulators who may only be paid on an hourly basis pursuant to Section 13-27-102 (2)(b) of the Montana Code have every incentive to collect as few signatures as possible per hour so that they can work as many hours as possible.

108. The prohibition imposed under Section 13-27-102 (2)(b) of the Montana Code as applied to Plaintiff Sherri Ferrell severely impairs her right to engage in core political speech and be compensated for her work in advancing that speech consistent with her unique skills to collect large numbers of valid signatures in as short a time as possible to help qualify initiative that she supports.

109. The per-signature compensation ban imposed under Section 13-27-102(2)(b) of the Montana Code, as applied to all Plaintiffs, is a content based restriction on speech which is presumptively invalid as the challenged restriction is placed only on speech advocating support for initiative and referendum petitions and not candidate petitions.

110. The per-signature compensation ban imposed under Section 13-27-102 (2)(b) of the Montana Code, as applied to Plaintiffs imposes a severe restriction on rights guaranteed under the First Amendment to the United States Constitution which is not narrowly tailored to advance a compelling governmental interest or legitimate regulatory interest.

111.   Accordingly, Defendants' enforcement of Section 13-27-102 (2)(b) of the Montana Code, as applied to all Plaintiffs, is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT V
### (Facial Challenge to Section 13-27-102 (2)(a) of the Montana Code Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution)

112.   Plaintiffs reassert and allege each preceding paragraph as if forth fully herein.

113.   The circulation of initiative and referendum petitions is "core political speech" protected under the First Amendment to the United States Constitution and is a fundamental right protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

114.   Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting, Liberty Initiative Fund and Sherri Ferrell are guaranteed the right under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to equal protection of the laws of Montana.

115.   The prohibition imposed under Section 13-27-102 (2)(a) of the Montana Code that only initiative and referendum petition circulators must be residents of the State of Montana, and not circulators of candidate petitions, denies Plaintiffs equal protection of the laws.

116.    Accordingly, Defendants' enforcement of Section 13-27-102 (2)(a) of

the Montana Code is the direct and proximate cause of the impairment of rights

guaranteed to Plaintiffs under the Equal Protection Clause of the Fourteenth

Amendments to the United States Constitution for which Plaintiffs request relief.

**COUNT VI**
**(Facial Challenge to Section 13-27-102 (2)(b) of the Montana Code Under the
Equal Protection Clause of the Fourteenth Amendment to the United States
Constitution)**

117.    Plaintiffs reassert and allege each preceding paragraph as if forth fully

herein.

118.    The circulation of initiative and referendum petitions is "core political

speech" protected under the First Amendment to the United States Constitution and

is a fundamental right protected by the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution.

119.    Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for

Citizen Voting, Liberty Initiative Fund and Sherri Ferrell are guaranteed the right

under the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution to equal protection of the laws of Montana.

120.    The prohibition imposed under Section 13-27-102 (2)(b) of the

Montana Code that only initiative and referendum petition circulators, and not

circulators of candidate petitions, may not be paid anything of value based upon

the number of signatures gathered, denies Plaintiffs equal protection of the laws.

121.   Accordingly, Defendants' enforcement of Section 13-27-102 (2)(b) of the Montana Code is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT VII
**(Facial Challenge to Section 13-27-102 (2)(a) of the Montana Code Under the Commerce Clause of the United States Constitution)**

122.   Plaintiffs reassert and allege each preceding paragraph as if forth fully herein.

123.   The business of professionally circulating election petitions and initiative and referendum petitions for economic remuneration is interstate commerce protected under the Commerce Clause of Article I, Section 8 and Clause 3 of the United States Constitution.

124.   The Commerce Clause of the United States Constitution prohibits different treatment by the State of Montana of in-state and out-of-state economic interests that benefit in-state economic interest and burdens out-of-state economic interests.

125.   The out-of-state circulator ban imposed under Section 13-27-102(2)(a) is a *per se* discriminatory restriction of out-of-state election petition circulators in violation of rights guaranteed to all Plaintiffs under the Commerce Clause of the United States Constitution, U.S. CONST. art. I § 8, cl. 3.

126.   Defendants' enforcement of Section 13-27-102(2)(a) has, and continues to cause, economic harm to all Plaintiffs.

127.   Accordingly, Defendants' enforcement of Section 13-27-102 (2)(a) of the Montana Code is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the Commerce Clause of the United States Constitution, U.S. CONST. art. I § 8, cl. 3, for which Plaintiffs request relief.

## COUNT VIII
**(Facial Challenge to Section 13-37-203 of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)**

128.   Plaintiffs reassert and allege each preceding paragraph as if forth fully herein.

129.   Under the First Amendment to the United States Constitution, Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund have the fundamental right to associate with likeminded individuals to advance common political goals without regard to state residence and/or voter registration status.

130.   Defendants enforcement of Section 13-37-203 of the Montana Code requiring any campaign or deputy campaign treasurer appointed pursuant to Mont. Code Ann. §§ 13-37-201 and 13-37-202 to be registered voters of the State of Montana directly impairs the rights of Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund to freely

associate with one-another and with likeminded out-of-state residents and

unregistered Montana residents to advance common political goals.

131.    Accordingly, Defendants' enforcement of Section 13-37-203 of the

Montana Code is the direct and proximate cause of the impairment of rights

guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United

States Constitution for which Plaintiffs request relief.

## COUNT IX
**(As-Applied Challenge to Section 13-37-203 of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)**

132.    Plaintiffs reassert and allege each preceding paragraph as if forth fully

herein.

133.    Under the First Amendment to the United States Constitution

Plaintiffs Nathan Pierce, Montana Coalition for Rights, Montanans for Citizen

Voting and the Liberty Initiative Fund have the fundamental right to associate with

likeminded individuals to advance common political goals without regard to state

residence and/or voter registration status.

134.    Defendants enforcement of Section 13-37-203 of the Montana Code

requiring any campaign or deputy campaign treasurer appointed pursuant to Mont.

Code Ann. §§ 13-37-201 and 13-37-202 to be registered voters of the State of

Montana directly impairs the rights of Plaintiffs Nathan Pierce, Montana Coalition

for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund to freely

associate with one-another and with likeminded out-of-state residents and unregistered Montana residents to advance common political goals.

135.   As applied to Plaintiff Liberty Initiative Fund, who is willing to consent to the jurisdiction of the State of Montana for purposes of any investigation and enforcement of Montana campaign finance laws, Defendants' enforcement of Section 13-27-203 of the Montana Code is not narrowly tailored to advance any compelling governmental interest or legitimate regulatory interest.

136.   Accordingly, Defendants' enforcement of Section 13-37-203 of the Montana Code is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a.      Enter a declaratory judgment that Section 13-27-102 (2)(a) of the Montana Code is unconstitutional, on its face, or, in the alternative, as applied to Plaintiffs Nathan Pierce, Montanan Coalition for Rights, Montanans for Citizen Voting, the Liberty Initiative Fund and Sherri Ferrell under rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution;

b.      Enter a declaratory judgment that Section 13-27-102 (2)(b) of the Montana Code is unconstitutional, on its face, or, in the alternative, as applied to Plaintiffs Nathan Pierce, Montanan Coalition for Rights, Montanans for Citizen Voting, the Liberty Initiative Fund and Sherri Ferrell under rights guaranteed to plaintiffs under the First and Fourteenth Amendments to the United States Constitution;

c.      Enter a declaratory judgment that Section 13-27-102 (2)(a) of the Montana Code is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

d.      Enter a declaratory judgment that Section 13-27-102 (2)(b) of the Montana Code is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

e.      Enter a declaratory judgment that Section 13-27-102 (2)(a) of the Montana Code is unconstitutional under the Commerce Clause of Article I, Section 8 and Clause 3 of the United States Constitution;

f.      Enter a declaratory judgment that Section 13-37-203 of the Montana Code is unconstitutional, on its face, or, in the alternative, as applied to Plaintiffs Nathan Pierce, Montanan Coalition for Rights, Montanans for Citizen Voting and the Liberty Initiative Fund under rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution;

g.      Permanently enjoin enforcement by Defendants of Section 13-27-102 (2)(a) of the Montana Code;

h.      Permanently enjoin enforcement by Defendants of Section 13-27-102 (2)(b) of the Montana Code;

i.      Permanently enjoin enforcement by Defendants of Section 13-37-203 of the Montana Code;

j.      Award plaintiffs the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

k.      Retain jurisdiction of this action and grant plaintiffs such other relief which may, in the determination of this Honorable Court, to be necessary and proper.

Respectfully submitted,

Dated:  July 19, 2018

__s/ Chris J. Gallus____
Chris J. Gallus
*Attorney for Plaintiffs*
I.D. #4460
1423 Otter Road
Helena, MT 59602-7641
406.459.8676
chrisgalluslaw@gmail.com

__s/ Paul A. Rossi____
Paul A. Rossi
*Attorney for Plaintiffs*
Admission *Pro Hac Vice*
PA. I.D. #84947
316 Hill Street
Mountville, PA  17554
717.961.8978
Paul-Rossi@comcast.net

## **CERTIFICATE OF SERVICE**

Plaintiff, by and through their undersigned legal counsel hereby certifies that

a true and correct copy of the foregoing document was served on Defendants

Stapleton and Fox on this day through the Court's ECF system.

Dated:  July 19, 2018            __ **s/ Chris J. Gallus** ____
Chris J. Gallus
*Attorney for Plaintiffs*