TIMOTHY C. FOX
Montana Attorney General
DALE SCHOWENGERDT
Solicitor General
MATTHEW T. COCHENOUR
PATRICK M. RISKEN
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
dales@mt.gov
mcochenour2@mt.gov
prisken@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATHAN PIERCE; MONTANA COALITION FOR RIGHTS; MONTANANS FOR CITIZEN VOTING; LIBERTY INITIATIVE FUND; and, SHERRI FERRELL, <br><br> Plaintiffs, <br><br> v. <br><br> COREY STAPLETON, in his official capacity as the Secretary of State for the State of Montana; and TIM FOX, in his official capacity as Attorney General of Montana; and JEFF MANGAN in his official capacity as the Commissioner of the Montana Commission on Political Practices, <br><br> Defendants. | Cause No. 6:18-cv-00063-CCL <br><br> **DEFENDANTS' ANSWER TO AMENDED COMPLAINT** |

Defendants Corey Stapleton, Timothy C. Fox and Jeff Mangan, all in their respective official capacities as described in the caption, answer Plaintiffs' Amended Complaint as follows:

**General Objection**

The Plaintiffs' Amended Complaint is a rambling description of persons, organizations, intended actions and alleged harms which are far beyond the intent of notice pleading under Fed. R. Civ. P. 8. It also "alleges" legal conclusions or mixed conclusions of law and fact. To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are also insufficient under Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679, (2009); and *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).

**"Amended Complaint for Declaratory
and Injunctive Relief"**

1. Paragraph 1 of the Plaintiffs' Complaint is a summary description of the parties in this lawsuit and the claims made and relief sought by the Plaintiffs against the Defendants, and contain legal conclusions that do not require admission or denial. To the extent that Paragraph 1 states facts involving the description of the parties, those facts are admitted.

## "Nature of the Complaint"

2. Defendants deny the allegations contained in Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of the Complaint as argumentative and not as statements of fact. To the extent that the allegations in those paragraphs contain legal conclusions, those statements require neither admission nor denial. If specific response is required, those statements of legal conclusion or mixed statements of law and fact are denied.

3. Defendants deny the allegations contained in Paragraphs 12 and 13 of the Amended Complaint.

4. Paragraphs 14, 15, 16 and 17 of the Plaintiffs' Amended Complaint are summary descriptions of the claims made and relief sought by the Plaintiffs against the Defendants, which Defendants admit is an accurate summary of the relief Plaintiffs seek.

## Jurisdiction/Venue

5. Defendants deny that this Court has subject matter jurisdiction over all of Plaintiffs' claims. Otherwise, Defendants admit the allegations contained in Paragraphs 18, 19 and 20 of the Plaintiffs' Amended Complaint, alleging jurisdiction and venue.

## Parties

6. Defendants admit the first paragraph of Paragraph 21 of the Plaintiffs' Amended Complaint describing Nathan Pierce, his membership in a group, what he may have determined to be necessary to pursue petition signatures in Montana. The Defendants are without sufficient knowledge of facts upon which to admit or deny the first sentence of the second paragraph of Paragraph 21, and therefore deny same. The Defendants deny the remaining allegations contained in the second paragraph of Paragraph 21 of the Plaintiffs' Amended Complaint. The Defendants are without sufficient knowledge of facts upon which to admit or deny the third and fourth paragraphs of Paragraph 21, and therefore deny same.

7. Defendants admit the first paragraph of Paragraph 22 of the Plaintiffs' Amended Complaint, describing an organization, its status and what it might have planned for an initiative process. The Defendants are without sufficient knowledge of facts upon which to admit or deny the first sentence of the second paragraph of Paragraph 22, and therefore deny same. The Defendants deny the remaining allegations contained in the second paragraph of Paragraph 22 of the Plaintiffs' Amended

Complaint. The Defendants are without sufficient knowledge of facts upon which to admit or deny the third and fourth paragraphs of Paragraph 22, and therefore deny same.

8. Defendants admit the first sentence of the first paragraph of Paragraph 23 of the Plaintiffs' Amended Complaint, describing an organization, its status and what it might have planned for an initiative and/or referendum process. The Defendants are without sufficient knowledge of facts upon which to admit or deny the remainder of the first paragraph of Paragraph 23 of the Amended Complaint, and therefore deny same. The Defendants are without sufficient knowledge of facts upon which to admit or deny the second paragraph of Paragraph 23 of the Plaintiffs' Amended Complaint, and therefore deny same. The Defendants are without sufficient knowledge of facts upon which to admit or deny the third and fourth paragraphs of Paragraph 23 of the Plaintiffs' Amended Complaint, and therefore deny same.

9. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraphs 24 and 25 of the Plaintiffs' Amended Complaint, and therefore deny same.

10. In response to Paragraphs 26 through 28, Defendants admit that Defendant Stapleton is the Secretary of State, Defendant Fox is the Attorney General of Montana, and Defendant Mangan is the Commissioner of Political Practices for Montana. Defendants admit they have authority as established by law. As to the remaining allegations in these Paragraphs, Defendants refer to Title 13, chapters 35 and 37 of the Montana Code Annotated for its content and deny the allegations to the extent the Complaint states otherwise.

## "Relevant Factual Allegations"

11. Defendants admit the allegation contained in Paragraph 29 of the Plaintiffs' Amended Complaint.

12. Paragraph 30 of the Plaintiffs' Amended Complaint are legal conclusions that do not require admission or denial. The state law governing proposed constitutional amendments and the process for approval speaks for itself.

13. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraph 31 of the Plaintiffs' Amended Complaint, and therefore deny same.

14. In response to Paragraphs 32, 33 and 34 of the Plaintiffs' Amended Complaint, Defendants admit those statements to the extent that they are accurate representations of the responsibilities of all Defendants under Montana law. Defendants deny any allegation which does not accurately reflect the responsibilities of those Defendants.

15. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraph 35 of the Plaintiffs' Amended Complaint, and therefore deny same.

16. Paragraph 36 of the Plaintiffs' Amended Complaint quotes a statute within the Montana Code Annotated, which speaks for itself and requires no answer. To the extent that statute is misquoted, selectively quoted or misrepresented, that paragraph is denied.

17. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraphs 37, 38, 39, 40, 41 and 42 of the Plaintiffs' Amended Complaint, and therefore deny same.

18. Paragraphs 43 and 44 of the Plaintiffs' Amended Complaint state legal conclusions purportedly made by the United States Supreme Court, without citation, and require no answer. To the extent that the

unidentified opinions of the United States Supreme Court are misquoted, selectively quoted or otherwise misrepresented, those paragraphs are denied.

19. Paragraphs 45, 46, 47, 48, 49, 50, 51 and 52 of the Plaintiffs' Amended Complaint are denied.

20. In response to Paragraphs 53 and 54 of the Plaintiffs' Amended Complaint, the statutes cited speak for themselves and therefore require neither admission nor denial. To the extent that the allegations of Paragraphs 53 and 54 misquote, selectively quote or misrepresent those statutes, those paragraphs are denied. In all other respects, the allegations of those paragraphs are denied.

21. Paragraphs 55, 56 and 57 of the Plaintiffs' Amended Complaint are denied as hearsay.

22. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraphs 58, 59, 60, 61, 62 and 63 of the Plaintiffs' Amended Complaint, and therefore deny same.

23. Paragraph 64 of the Plaintiffs' Amended Complaint is denied.

24. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraphs 65, 66, 67 and 68 of the Plaintiffs' Amended Complaint, and therefore deny same.

25. Defendants admit the allegations in Paragraph 69 of Plaintiffs' Amended Complaint to the extent that it accurately represents the office and responsibilities of the Montana Secretary of State. To the extent that Paragraph 69 states inaccurate or misleading facts, those allegations are denied.

26. Paragraph 70 of the Plaintiffs' Amended Complaint is denied.

27. Defendants admit the allegations in Paragraph 71 of Plaintiffs' Amended Complaint to the extent that it accurately represents the office and responsibilities of the Montana Attorney General. To the extent that Paragraph 71 states inaccurate or misleading facts regarding those responsibilities, those allegations are denied. The remaining allegations of Paragraph 71 are denied.

28. Defendants admit the allegations in Paragraph 72 of Plaintiffs' Amended Complaint to the extent that it accurately represents the office and responsibilities of the Montana Commissioner

of Political Practices. To the extent that Paragraph 72 states inaccurate or misleading facts regarding those responsibilities, those allegations are denied. The remaining allegations of Paragraph 72 are denied.

29. Paragraph 73 of the Plaintiffs' Amended Complaint is denied.

## COUNT I

### (Facial Challenge to section 13-27-1-2(2)(a) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

30. Defendants restate Paragraphs 1 though 29 of this Answer, in response to Paragraph 74 of the Plaintiffs' Amended Complaint.

31. Paragraph 75 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 75 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

32. Defendants deny the allegations stated in Paragraphs 76 and 77 of the Plaintiffs' Amended Complaint.

33. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraph 78 of the Plaintiffs' Amended Complaint, and therefore deny same.

34. Defendants deny the allegations stated in Paragraphs 79, 80 and 81 of the Plaintiffs' Amended Complaint.

## COUNT II

### (As-Applied Challenge to section 13-27-102(2)(a) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

35. Defendants restate Paragraphs 1 through 34 of this Answer, in response to Paragraph 82 of the Plaintiffs' Amended Complaint.

36. Paragraph 83 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 83 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

37. Defendants deny the allegations stated in Paragraphs 84, 85, 86, 87, 88, 89 and 90 of the Plaintiffs' Amended Complaint.

## COUNT III

### (Facial Challenge to section 13-27-102(2)(b) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

38. Defendants restate Paragraphs 1 through 37 of this Answer, in response to Paragraph 91 of the Plaintiffs' Amended Complaint.

39. Paragraph 92 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 92 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

40. The allegations in Paragraph 93 of the Plaintiffs' Amended Complaint are legal conclusions and therefore do not require admission or denial. Otherwise, Defendants deny the allegations.

41. Defendants deny the allegations stated in Paragraphs 94, 95 and 96 of the Plaintiffs' Amended Complaint.

42. The Defendants are without sufficient knowledge of facts upon which to admit or deny the allegations contained in Paragraph 97 of the Plaintiffs' Amended Complaint, and therefore deny same.

43. Defendants deny the allegations stated in Paragraphs 98, 99 and 100 of the Plaintiffs' Amended Complaint.

# COUNT IV

## (As-Applied Challenge to section 13-27-102(2)(b) of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

44. Defendants restate Paragraphs 1 through 43 of this Answer, in response to Paragraph 101 of the Plaintiffs' Amended Complaint.

45. Paragraph 102 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 102 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

46. The allegations in Paragraph 103 of the Plaintiffs' Amended Complaint are legal conclusions and therefore do not require admission or denial. Otherwise, Defendants deny the allegations.

47. Defendants deny the allegations stated in Paragraphs 104, 105, 106, 107, 108, 109, 110 and 111 of the Plaintiffs' Amended Complaint.

# COUNT V

## (Facial Challenge to section 13-27-102(2)(a) of the Montana Code Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution)

48. Defendants restate Paragraphs 1 through 47 of this Answer, in response to Paragraph 112 of the Plaintiffs' Amended Complaint.

49. Paragraph 113 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 113 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

50. Paragraph 114 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 114 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

51. Defendants deny the allegations of Paragraphs 115 and 116 of the Plaintiffs' Amended Complaint.

# COUNT VI

## (Facial Challenge to section 13-27-102(2)(b) of the Montana Code Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution)

52. Defendants restate Paragraphs 1 through 51 of this Answer, in response to Paragraph 117 of the Plaintiffs' Amended Complaint.

53. Paragraph 118 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 118 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

54. Paragraph 119 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 119 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

55. Defendants deny the allegations of Paragraphs 120 and 121 of the Plaintiffs' Amended Complaint.

## COUNT VII

### (Facial Challenge to section 13-27-102(2)(a) of the Montana Code Under the Commerce Clause of the United States Constitution)

56. Defendants restate Paragraphs 1 through 55 of this Answer, in response to Paragraph 122 of the Plaintiffs' Amended Complaint.

57. Paragraphs 123 and 124 of the Plaintiffs' Amended Complaint states legal conclusions. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegations of Paragraphs 123 and124 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

58. Defendants deny the allegations of Paragraphs 125, 126 and 127 of the Plaintiffs' Amended Complaint.

## COUNT VIII

### (Facial Challenge to section 13-37-203 of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

59. Defendants restate Paragraphs 1 through 58 of this Answer, in response to Paragraph 128 of the Plaintiffs' Amended Complaint.

60. Paragraph 129 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving

that Objection, Defendants admit the allegation of Paragraph 129 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

61. Defendants deny the allegations of Paragraphs 130 and 131 of the Plaintiffs' Amended Complaint.

## COUNT IX

### (As-Applied Challenge to section 13-37-203 of the Montana Code Under the First and Fourteenth Amendments to the United States Constitution)

62. Defendants restate Paragraphs 1 through 61 of this Answer, in response to Paragraph 132 of the Plaintiffs' Amended Complaint.

63. Paragraph 133 of the Plaintiffs' Amended Complaint states a legal conclusion. *See* General Objection, *supra* at 2. Without waiving that Objection, Defendants admit the allegation of Paragraph 133 of the Plaintiffs' Amended Complaint only to the extent that it is consistent with precedent that might be controlling in this case.

64. Defendants deny the allegations of Paragraphs 134, 135 and 136 of the Plaintiffs' Amended Complaint.

## General Denial

65. Defendants deny each and every allegation of the Plaintiffs' Amended Complaint that is not expressly admitted herein.

## "Request for Relief"

66. Defendants restate Paragraphs 1 through 65 of this Answer as if fully set forth herein.

67. Defendants deny that the Plaintiffs are entitled to any relief claimed in their Amended Complaint "Request for Relief" subsections a. through k.

## AFFIRMATIVE DEFENSES

Having fully Answered the allegations and claims stated in Plaintiffs' Amended Complaint, and as Affirmative Defenses thereto, Defendants state:

1. Failure to state a claim upon which relief may be granted

2. Lack of case or controversy;

3. Failure to join all necessary parties;

4. Lack of standing by Plaintiffs, or any of them;

5. Lack of authority to bring or maintain this action on behalf of real parties in interest;

6.  Plaintiff is not entitled to relief based upon waiver, estoppel or the doctrine of unclean hands;

7.  Defendants reserve the right to amend this Answer to allege and state additional affirmative defenses as the case progresses.

WHEREFORE, having fully Answered the allegations and claims stated in Plaintiffs' Amended Complaint, and having stated their Affirmative Defenses thereto, Defendants pray for relief as follows:

1.  That the Plaintiffs' Amended Complaint and all causes of action therein be dismissed, with prejudice and without costs or attorney's fees; and

2.  For such other and further relief as the Court deems just and equitable.

Respectfully submitted this 2nd day of August, 2018.

> TIMOTHY C. FOX
> Montana Attorney General
> DALE SCHOWENGERDT
> Solicitor General
> MATTHEW T. COCHENOUR
> Assistant Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By: */s/ Patrick M. Risken*
> PATRICK M. RISKEN
> Solicitor General

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.

Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  August 2, 2018              */s/ Patrick M. Risken*
                                    PATRICK M. RISKEN
                                    Solicitor General
                                    Counsel for Defendants