TIMOTHY C. FOX
Montana Attorney General
MATTHEW T. COCHENOUR
Acting Solicitor General
PATRICK M. RISKEN
HANNAH E. TOKERUD
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
mcochenour2@mt.gov
prisken@mt.gov
hannah.tokerud@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATHAN PIERCE, MONTANA COALITION FOR RIGHTS, MONTANANS FOR CITIZEN VOTING, LIBERTY INITIATIVE FUND, and SHERRI FERRELL,<br><br>Plaintiffs,<br><br>v.<br><br>COREY STAPLETON, in his official capacity as the Secretary of State for the State of Montana, TIM FOX, in his official capacity as Attorney General of Montana, and JEFF MANGAN, in his official capacity as the Commissioner of the Montana Commission on Political Practices,<br><br>Defendants. | CV-18-63-H-CCL<br><br>BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER DIRECTING PAYMENT OF EXPERT WITNESS DEPOSITION COST |

## FACTS

On July 12, 2019, counsel for the Plaintiffs deposed Defendants' expert witness C.B. Pearson, II, in Helena, Montana. During the deposition, counsel for Plaintiffs confirmed that Mr. Pearson "was being compensated" $200.00 per hour for testifying and time spent traveling from Missoula to Helena and back. Pearson Dep. at 46:21–47:6; Risken Decl. Ex. 1. That hourly rate had been previously disclosed to Plaintiffs in Mr. Pearson's April 19, 2019 expert witness report. Doc. 37-3 at 20. It applied equally to the parties. Plaintiffs' counsel did not object.

Mr. Pearson's employer, M+R Strategic Services, invoiced Plaintiffs' counsel for Mr. Pearson's time spent testifying and travel in the amount of $2,333.40 (Risken Decl. Ex. 2 at 02-03), which was forwarded to Plaintiffs' counsel Paul Rossi on September 7, 2019. Risken Decl. Ex. 2 at 01. By January 16, 2020, the invoice remained unpaid, so Mr. Rossi was reminded of his clients' obligation. *Id.*, Ex. 3 at 01-02. Mr. Rossi received another reminder on February 10, 2020, to which he responded "[k]ept slipping my mind. Thanks for the reminder. Will take care of this the week of February 15th (next week)." *Id.* at 01.

On February 26, 2020, Mr. Rossi requested direction on where to send a check. Risken Decl. Ex. 4 at 01. On February 27 he provided the USPS certified mail receipt information. *Id.* at 02. Later that day Mr. Rossi corrected that information (*Id.* at 03) while sending a check from IMPG Advocates, Inc. to M+R Strategic Services, Inc., in the amount of $1,758.40 (*Id.,* Ex 5), or $575.00 less than the amount owed.

On March 4, 2020, Defendants notified Mr. Rossi of that shortage and requested that the balance be paid. Risken Decl. Ex. 6. Mr. Rossi responded on March 10, 2020, arguing for the first time that Mr. Pearson's hourly rate for testimony was too high. *Id.,* Ex. 7 at 01-02. On March 31, 2020, Defendants made one final attempt to persuade Mr. Rossi to pay the Plaintiffs' obligation to M+R Strategic Services (*Id.* at 01) but to date that has been ignored.

At no time between the date of Mr. Pearson's expert witness report (April 29, 2019; Doc. 37-3 at 6-41) and March 10, 2020, did Plaintiffs' counsel object to Mr. Pearson's $200.00 hourly testimony rate. Plaintiffs' cannot now escape their responsibility to pay the charges for Mr. Pearson's deposition.

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(4)(A) allows parties to depose expert witnesses who may testify at trial. That discovery is not free. Federal Rule of Civil Procedure 26(b)(4)(E)(i) states that unless "manifest injustice" would result, the court must require that the party seeking discovery "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." Plaintiffs should comply with this rule.

Mr. Pearson was deposed on July 12, 2019, from 9:00 a.m. until 4:42 p.m. (230 pages; see Risken Decl. Ex. 1 at 1 and 230) with a break for lunch. He had traveled from his home in Missoula, Montana to Helena and back in the same day for that deposition. Mr. Pearson billed the Plaintiffs only for the time spent attending to the deposition on July 12. After months of prodding and without notice Plaintiffs unilaterally cut the M+R invoice to an amount they alone determined.

A party seeking discovery from an opposing side's expert must "pay the expert a reasonable fee for time spent in responding to discovery" unless manifest injustice would result. Fed. R. Civ. P. 26(b)(4)(E)(i). "The purpose of the rule is to avoid the unfairness of

requiring one party to provide expensive discovery for another party's benefit without reimbursement." *United States v. Twin Falls, Idaho,* 806 F.2d 862, 879 (9th Cir. 1986), overruled on other grounds as recognized by *Ass'n of Flight Attendants v. Horizon Air Indus., Inc.,* 976 F.2d 541, 551-52 (9th Cir. 1992).

M+R's hourly testimony rate was disclosed to Plaintiffs on April 29, 2019 (Docs. 26 at 2 and 37-3 at 6, 20) and three months later Plaintiffs set and took Mr. Pearson's deposition. By setting the deposition without objecting to the rate, Plaintiffs consented to pay $200.00 per hour for that testimony and travel. Plaintiffs' counsel confirmed the stated rates during the deposition (*Risken Decl.* Ex. 1 at 46-47) but never objected, questioned the basis therefore or challenged the rates' reasonableness. Plaintiffs waived that argument.

Having been billed in early September 2019, the M+R invoice languished in Plaintiffs' possession for several months was a payment made, but only then after Defendants' counsel sent multiple reminders. Even then the payment was $575.00 short. Only after Defendants' counsel raised the shortfall did Mr. Rossi challenge the $200 per hour testimony rate. By then Plaintiffs had taken all the discovery they

needed from Mr. Pearson, they had received his deposition transcript and used it in motion practice. It is impossible to imagine "manifest injustice" suffered by the Plaintiffs under these facts.

In fact, M+R could have billed the Plaintiffs for far more than just the hours that Mr. Pearson spent traveling to and from the deposition and the hours of testimony. The party seeking discovery by deposition must also pay for the expert's preparation and travel time. *Pizzuto v. Blades*, 2011 U.S. Dist. LEXIS 74369 at *3–4 (D. Idaho 2011) (citing cases). "While the Ninth Circuit has apparently not addressed this issue, this Court is persuaded by the weight of authority that the 'time spent in responding to discovery' necessarily includes reasonable preparation and travel time." *Pizzuto* at *4. Plaintiffs were not billed for any of Mr. Pearson's deposition preparation time.

Time an expert spent traveling to and from the deposition generally is regarded as an expense that should be shifted to the deposing party. *Rock River Communications v. Universal Music Group*, 276 F.R.D. 633, 637 (C.D. Cal. 2011).

> That makes sense. Unless the deposition is taken at an expert's home or office, the expert cannot avoid spending some time traveling to and from the deposition. The deposing party can control the amount of time the expert spends traveling by

selecting a location for an expert's deposition that minimizes an expert's travel time, potentially including opting to take the deposition by telephone or video conference. Moreover, the deposing party can make intelligent decisions about such matters because travel time generally can be estimated with reasonable accuracy in advance. Requiring the deposing party to pay for the expert's travel time encourages the deposing party to correctly weigh the overall cost and inconvenience of the deposition.

*Id.* Plaintiffs' counsel contests 10 minutes of Mr. Pearson's travel time between Missoula and Helena without explanation. According to the M+R invoice and the deposition transcript, Mr. Pearson was absent from his home, family, and business from 7:00 a.m. until nearly 7:00 p.m. on July 12, 2019. Mr. Pearson's time of four hours traveling between and navigating Helena and Missoula is reasonable.

Mr. Pearson's qualifications were detailed in the expert report provided to Plaintiffs in April 2019. Doc. 37-3. His career spans over 42 years, including election campaigns, training, lecturing and consulting as an expert in public involvement strategies. *Id.* at 21. He holds both bachelor's and master's degrees (*Id.*) and has experience in "dozens of ballot campaigns and petition efforts" in Montana. *Id.* at 2, ¶ 2. Mr. Pearson has published research reports involving campaign issues and has testified as an expert witness several times. *Id.* at 21-22. His resume listed services as a lobbyist and a campaign manager or

strategist on over two dozen initiatives, public interest issues, bond issues and other campaigns. *Id.* at 22-23.

Plaintiffs' hollow assertion of an unreasonable hourly testimony rate is exposed by two sets of facts. First, the Plaintiffs failed to designate their own expert. Instead they designated the entirety of Mr. Pearson's deposition in *their* case (Doc. 43-6[1]), citing it several times in summary judgment briefing. See Doc. 49 at 17-19, 24; Doc. 49-3 at 4, 14; Doc. 50 at 4, 14; Doc. 52 at 13. While Plaintiffs may not like Mr. Pearson[2] they used his testimony to support their arguments.

Second, the timing of the objection is completely suspect. Plaintiffs failed to even mention Mr. Pearson's testimony rates after receiving his report in April 2019. They noted his deposition and took it in July 2019, still without objection. Plaintiffs' counsel ignored the September 2019 M+R invoice for six months. Only after being prompted on January 16 and February 10, 2020 did Mr. Rossi respond, stating simply "Kept slipping my mind. Thanks for the reminder." *Risken Decl.* Ex. 3 at 01.

---

[1] The deposition was filed with the court but unattached to any specific index or declaration.

[2] *Risken Decl.* Ex. 7. Mr. Rossi's email raises arguments best left to the weight of Mr. Pearson's testimony. None of those contentions were made in Plaintiffs' briefing when citing Mr. Pearson's testimony.

Two weeks later Mr. Rossi sent a check directly to M+R for less than the amount billed while failing to notify Defendants' counsel of that maneuver. Mr. Rossi's eventual objection came 11 months after receiving notice of Mr. Pearson's hourly testimony rates, eight months after completing all the discovery that Plaintiffs desired and only after Defendants' counsel asked about the short payment.

The fact that Mr. Pearson charges the same rate for testimony in deposition or in court "regardless of who is footing the bill" is indicative of the reasonableness of the fee. *Smith v. Bradley Pizza, Inc.*, 2018 U.S. Dist. LEXIS 193260 at *27-28 (D. Minn. 2018) ($250 per hour expert deposition rate in ADA access case held reasonable). Additionally,

> A higher rate for time spent testifying in a court proceeding than for time reviewing records or preparing a report reasonably reflects the greater demands testimony places on an expert witness, particularly in a case such as this where her time preparing to testify is not compensated.

*Id.* Mr. Pearson did not charge Plaintiffs for preparation time.

> . . . depositions of an adverse expert are, at times, stressful and, unfortunately, usually adversarial in nature. Moreover, depositions require better preparation and more thoughtful and precise answers by the deponent than a casual office visit with retaining counsel or a patient. Thus, the Court finds it reasonable to charge a modestly higher fee for a deposition taken by adverse counsel . . ..

*Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999). See also *Peterson v. District Coast to Coast, LLC*, 2016 U.S. Dist. LEXIS 23540 at *11-12 (D. Or. 2016), holding that an expert witness's higher rate for testimony, charged uniformly in the case, was reasonable; and *El Camino Res. Ltd., v. Huntington Nat'l Bank*, 2012 U.S. Dist. LEXIS 147601 (W.D. Mich. 2012), determining that a 22% increase for deposition testimony was an allowable "modestly higher rate."

Mr. Pearson's hourly rates were unchallenged by Plaintiffs throughout this case. The April 2019 expert report (Doc. 37-3 at 20) notified Plaintiffs of rates for both study and testimony pursuant to Fed. R. Civ. P. 26(a)(2)(B)(vi). Those rates are the same that M+R charged for expert witness services in a contemporaneous case,[3] also disclosed to Plaintiffs. Plaintiffs did not complain until called upon to pay their obligation.

Federal Rule of Civil Procedure 26(b)(4)(E) provides the fair allocation of expert expenses in discovery. 8A Wright, Miller & Marcus, *Federal Practice and Procedure*, § 2034 at 128-129 (2010). This includes

---

[3] *Montana Green Party, et al. v. Stapleton*, United States District Court, District of Montana, Cause No. 6:18-cv-00087, Doc. 42-3 at 23.

consideration of "whether the discovering party is simply learning about the other party's case or is going beyond this to develop [its] own case." Advisory Committee Notes, 48 F.R.D. at 505.[4] Plaintiffs used Mr. Pearson's testimony to any advantage they determined. They cannot now complain about his hourly rates.

## CONCLUSION

This Court should order Plaintiffs to pay the $575.00 balance due on the M+R Strategic Services invoice, representing the remaining travel time and Mr. Pearson's full hourly rate for testimony.

DATED this 8th day of May, 2020.

> TIMOTHY C. FOX
> Montana Attorney General
> PATRICK M. RISKEN
> Assistant Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By: _/s/Patrick M. Risken_
> PATRICK M. RISKEN
> Counsel for Defendants

---

[4] Report of the Judicial Conference of the Unites States (October 1969), Appendix 2.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 1,994 words, excluding the caption, certificate of service and certificate of compliance.

/s/ *Patrick M. Risken*
PATRICK M. RISKEN
Assistant Attorney General
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the cm/ecf system. Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated: May 8, 2020         /s/ *Patrick M. Risken*
PATRICK M. RISKEN
Counsel for Defendants