
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATHAN PIERCE, MONTANA COALITION FOR RIGHTS, MONTANANS FOR CITIZEN VOTING, LIBERTY INITIATIVE FUND, and SHERRI FERRELL,<br><br>Plaintiffs,<br><br>vs.<br><br>COREY STAPLETON, *in his official capacity as the Secretary of State for the State of Montana*, TIM FOX, *in his official capacity as the Attorney General for the State of Montana*, and JEFF MANGAN, *in his official capacity as the Commissioner of the Montana Commission on Political Practices.*<br><br>Defendants. | CV-18-63-H-CCL<br><br>ORDER |

Defendants move for an order directing Plaintiffs to pay the balance of the amount billed by Defendants' expert witness, C.B. Pearson, II, for a deposition taken by Plaintiffs' counsel on July 12, 2019. (Doc. 53). Defendants filed the motion and supporting brief on May 8, 2020, and Plaintiffs have failed to file a response.

## BACKGROUND

In its October 18, 2018, Pretrial Scheduling Order, the Court established April 29, 2019, as the deadline by which Defendants must disclose their expert witnesses. (Doc. 26 at 2). In accordance with that order, Mr. Pearson submitted an expert report to counsel for Defendants on April 29, 2019, which was forwarded to Plaintiffs' counsel the same day. (Doc. 37-3 at 2, ¶ 4). Mr. Pearson's report included an explanation that he was being "compensated at a rate of $150.00 per hour for research and writing, and $200.00 per hour for deposition and trial testimony, plus reimbursement for expenses incurred." (Doc. 37-3 at 20).

Plaintiffs' counsel deposed Mr. Pearson on July 12, 2019. (Doc. 54-1 at 7). In early September, "Mr. Pearson's employer, M+R Strategic Services, invoiced Plaintiffs' counsel for Mr. Pearson's time spent testifying and travel in the amount of $2,333.40." (Doc. 54 at 2). Counsel for Defendants e-mailed Plaintiffs' counsel in January and February of this year, requesting payment for the invoice sent in September of 2019. (*See* Doc. 54-1 at 18). In late February of 2020, Plaintiffs' counsel sent M+R Strategic Services a check in the amount of $1,758.40. (Doc. 54-1 at 25). On March 10, 2020, after Defendants' counsel informed Plaintiffs' counsel of the shortage, Plaintiffs' counsel sent an email explaining that Plaintiffs had reduced Mr. Pearson's hourly fee from $200 to $150

and reduced Mr. Pearson's travel time by ten minutes, resulting in the reduced remuneration amount of $1,758.40. (Doc. 54-1 at 29). Defendants ask the Court to order Plaintiffs to pay the $575 balance due on the M+R Strategic Services invoice.

## DISCUSSION

Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E). "The purpose of the rule is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *United States v. Twin Falls, Idaho*, 806 F.2d 862, 879 (9th Circ. 1986), overruled on other grounds as recognized by *Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 552 (9th Cir. 1992).

Experts are permitted to charge for their travel time, in addition to their time spent being deposed. *See Rock River Communications v. Universal Music Group*, 276 F.R.D. 633, 637 (C.D. Cal. 2011). At least three district courts in this circuit have held that experts may also be compensated for their time spent preparing for a deposition. *Peterson v. Direct Coast to Coast, LLC*, 2016 U.S. Dist. LEXIS

Page 3 of 6

147601, * 10 - 11 (D. Or. 2016). This Court need not address the issue because Mr. Pearson chose not to seek payment for his preparation time.

Courts faced with the issue of deciding what constitutes a reasonable expert fee consider the following factors: "(1) the witness's area of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) and any other factor likely to assist the court in balancing the interests implicated by Rule 26." *Edin v. Paul Rever Life Ins. Co.*, 188 F.R.D. 543, 546 (D. Ariz. 1999).

In applying those factors in this case, the Court has reviewed Mr. Pearson's expert report and his deposition testimony. Mr. Pearson has spent the last 45 years working for various non-profit public interest groups and has advocated for campaign finance reform in Montana for many of those 45 years. Since 1999, he has served as Senior Vice-President and Montana Office Director for M+R Strategic Services. M+R is a for-profit business that works with non-profits.

Mr. Pearson has provided expert testimony in a number of cases, including one case presided over by the undersigned. *See Montana Chamber of Commerce*

*v. Argenbright*, CV 97-6-H-CCL. Between 1988 and 2016, he served as the campaign manager or senior strategist for passage of nine initiative campaigns and one constitutional referendum in Montana. He also served as the campaign manager for the Helena Smokefree Policy Referendum in 2004 and as the senior strategist for passage of a constitutional amendment in North Dakota.

In this case, Mr. Pearson is charging $150 per hour for research and writing and $200 per hour for deposition and trial testimony. There is no question that Mr. Pearson's training and experience in this field warrants the $150 fee for research and writing. Indeed, Plaintiffs' counsel admit that he is entitled to compensation at the rate of $150 per hour. Charging a slightly higher fee for testimony is reasonable. Whether testifying at trial or in a deposition, an expert is expected to provide "thoughtful and precise answers." *Edin*, 188 F.R.D. at 547. Depositions taken by the opposing party "are, at times, stressful and, unfortunately, usually adversarial in nature." *Id.* For the most part, the deposition in this case was collegial; however, there were portions of the depositions that were contentious and the Court finds that Mr. Pearson's hourly fee of $200 was reasonable.

The Court also finds that it was reasonable for Mr. Pearson to charge for four hours of travel time. This Court has had reason to travel between Helena and

Missoula on numerous occasions and two hours for a one-way trip is not unreasonable.

## CONCLUSION & ORDER

The local rules allow the Court to deem Plaintiffs' failure to file a response brief an admission that Defendants' motion is well-taken. L.R. 7(d)(1)(B)(ii). The Court nevertheless considered the merits of the issue and finds that Mr. Pearson is entitled to recover the full amount of his invoice. Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Order Directing Payment of Expert Witness Deposition Cost (Doc. 53) is GRANTED. Plaintiffs are directed to forthwith pay the $575 balance due on the M+R Strategic Services invoice.

Dated this 9th day of June, 2020.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE