IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

NATHAN PIERCE; MONTANA
COALITION FOR RIGHTS;
MONTANA COALITION FOR
CITIZEN VOTING; SHERRI
FERRELL; and, LIBERTY
INITIATIVE FUND,

        Plaintiffs,

vs.

CHRISTI JACOBSEN, in her official
capacity as the Secretary of State for
the State of Montana; and, AUSTIN
KNUDSEN, in his official capacity as
Attorney General of Montana,[1]

        DEFENDANTS.

Cause No. CV 18-63-H-CCL


ORDER

In 2006 a fraud was perpetuated upon the citizens of Montana by the
proponents of three ballot initiatives and the signature gatherers that were
employed to assist in qualifying the measures for Montana's general election.
Primarily responsible were out-of-state signature gatherers who violated statutory
requirements by deceptively obtaining signatures and then falsely swearing to the

---

[1] Pursuant to Fed. R. Civ. P. 25(d) these successor public officers are automatically substituted as
Defendants. The Clerk of Court will be directed to amend the case docket accordingly.

contents of their corresponding affidavits.  Among the findings made by the state

court following a bench trial were:  (1) the out-of-state signature gatherers obtained

an "overwhelming majority" of the signatures submitted; (2) the out-of-state

signature gatherers were paid over $633,000 for the three initiatives; (3) each

signature gatherer was paid between $0.50 and $2.50 per signature per initiative;

(4) out-of-state signature gatherers routinely attested that they personally gathered

or assisted in gathering signatures that were actually gathered by other individuals

outside of their presence and without their direct assistance; (5) all 43 of the out-

of-state signature gatherers used false addresses on their certification affidavits;

and, (6) at least some of the out-of-state signature gatherers employed deceitful

"bait and switch" tactics.[2]  A great harm resulted when the Montana Secretary of

State's certification of the three initiatives was invalidated by the state district

court and the initiatives did not appear on the 2006 general election ballot.

The Montana Legislature responded the following year by passing Senate

Bill 96, with bipartisan support.  The law applies only to ballot initiative petitions

and requires a person circulating a petition to be a Montana resident who is not

paid anything of value based upon the number of signatures gathered.[3]  The law

---

[2] See e.g., (Doc. 57 at 4-6)(citing *Montanans for Justice v. State*, 2006 MT 277, 334 Mont. 237, 146 P. 3d 759, and, *Montanans for Justice v. State*, Cause No. DCV-06-1162(d) (Sept. 13, 2006)).

[3] This law is codified at Mont. Code Ann. § 13-37-102.

2

was clearly aimed at trying to repair the signature gathering process for ballot
initiatives and to prevent future fraud.

In May of 2018, the Plaintiffs in this matter sought an emergency temporary
restraining order and injunctive relief challenging the Montana law.[4] This Court
set a hearing on the motion for May 14, 2018, which was then continued to May
22, 2018.[5] On May 18, 2018, the Plaintiffs withdrew their emergency motion for a
temporary restraining order and injunctive relief.[6] The Plaintiffs filed an amended
complaint and the matter proceeded through discovery; ultimately the parties filed
cross-motions for summary judgment. This Court determined the state law
challenged was constitutional and denied the Plaintiffs' motion for summary
judgment and granted the Defendants' motion.[7]

Specifically, this Court determined Plaintiffs failed to show that Montana's
residency requirement severely burdened their rights and, instead, they presented
only speculative claims. Because less exacting scrutiny applied, this Court
determined the residency requirement was constitutional and found support in
Montana's compelling interest in protecting the integrity of its ballot initiative
process, based upon the state's unique history.[8] Likewise, this Court determined

---

[4] See, (Doc. 2.)
[5] (Docs. 5 & 13.)
[6] (Doc. 15.)
[7] See, (Doc. 57.)
[8] *Id.* at 14-25.

Plaintiffs failed to show that Montana's pay-per-signature ban constituted a severe burden and, accordingly, the holding of *Prete v. Bradbury*, 438 F. 3d 949 (9th Cir. 2006), was followed.  Applying a relaxed level of scrutiny, this Court found the state's prohibition on pay-per-signature passed constitutional muster and was supported by Montana's important interest in regulating its elections.[9]

In an eleventh hour filing,[10] Plaintiffs seek, under Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the Court's judgment denying their motion for summary judgment.[11]  Plaintiffs ask the Court to vacate its judgment and grant their motion for summary judgment, or, in the alternative, vacate the judgment and set the matter for further proceedings based on "newly discovered evidence."[12]  Defendants oppose the motion.[13] Plaintiffs did not file a reply brief and the Court is prepared to rule on their motion.

### Rule 59(e) Analysis

Because specific grounds for a motion to amend or alter a judgment are not listed in the rule, the district court enjoys considerable discretion in granting or denying such motion. Amending a judgment after its entry, however, remains an

---

[9] *Id.* at 25-32.

[10] Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Plaintiffs filed their motion and brief in support after 10:30 p.m. on the 28th day.

[11] See, (Docs 59 & 60.)

[12] (Doc. 60 at 2.)

[13] (Doc. 61.)

extraordinary remedy which should be used sparingly. *McDowell v. Claderon*, 197 F. 3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc)(per curiam). In general, there are four basic grounds upon which a motion to amend the judgment may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)(emphasis in original).

Plaintiffs assert that the Court misunderstood the authorities it cited and erred in its reading of what constitutes a constitutional injury under the First Amendment.[14]   Plaintiffs then seem to argue that this Court engaged in a faulty injury analysis relative to their jurisdictional standing.[15]  But this Court never found that the Plaintiffs lacked standing or failed to demonstrate an injury-in-fact. Rather, as explained in great detail in the prior order, and as set forth above,[16] it

---

[14] (Doc. 60 at 2-5.)
[15] *Id*. at 6-10.
[16] See, f.n. 8 & 9.

was determined that the Plaintiffs failed to meet their burden of demonstrating their constitutional rights were severely burdened and, instead, only presented conclusory and/or speculative claims.[17]  While Plaintiffs may disagree with the Court, such disagreement does not constitute a manifest error of law or fact, nor has it resulted in a manifest injustice.  Thus, Plaintiffs fail to present a valid basis under Rule 59(e), to alter or amend the judgment.

Plaintiffs also present the "newly discovered" First Declaration of Paul Jacob in which he explained that both the Montana prohibition on out of state petition circulators and COVID-19 inhibited Plaintiff Liberty Initiative Fund from circulating any petitions for either the 2018 or 2020 election cycles.[18]  Jacob also states that in December of 2020 a decision was made by Liberty Initiative Fund that it will circulate its citizen-only voting petition for the 2024 Montana general election.  The entity hopes to engage the services of out-of-state petition circulators.[19]  Jacob then rehashes many of the same points and arguments previously presented in prior court proceedings.

To prevail on a Rule 59(e) motion based upon newly discovered evidence, the movant must show the evidence (1) existed at the time of the trial or proceeding at which the ruling now protested was entered; (2) could not have been

---

[17] *Id.*
[18] (Doc. 59-1 at 2-3.)
[19] *Id.* at 3-6.

discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Duarte v. Bardales*, 526 F. 3d 563, 573 (9th Cir. 2008)(abrogated by *Lozano v. Montoya Alvares*, 572 U.S. 1 (2014), (citing, *Coastal Transfer Co. v. Toyota Motor Sales,* 833 F.2d 208, 211 (9th Cir.1987).

The Court does not believe the Jacob declaration constitutes "newly discovered evidence." As a preliminary matter, the judgment Plaintiffs seek to amend was entered on December 4, 2020. The Jacob Declaration notes that sometime in December of 2020, Liberty Initiative made the decision that it will pursue its ballot initiative in Montana's 2024 general election. Thus, it is unclear that this evidence existed at the time that this Court's ruling was entered or that it could not have been discovered through the exercise of due diligence. Rather, it appears Plaintiffs may have made this decision only after they realized their prior arguments and claims had failed. But, even if the Court were to presume the information was truly newly discovered for purposes of 59(e), see, *Herron*, 634 F. 3d at 1111, the Jacob Declaration does not provide information that "is of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Coastal Transfer Co.,* 833 F. 2d at 211 (other citation omitted). The Plaintiffs' claims still suffer from a lack of proof and the Jacob Declaration does not change this shortfall. Plaintiffs have presented nothing that

7

would alter this Court's prior decision or change the analysis contained in the order denying them summary judgment. Accordingly, the Plaintiffs' motion to amend under Rule 59(e) will be denied.

Accordingly, IT IS HEREBY ORDERED:

1. The Clerk of Court is directed to amend the docket in this matter to reflect that Christi Jacobsen, is now the Secretary of State for the State of Montana, and that Austin Knudsen, is now the Attorney General of Montana

2. Plaintiffs' Motion to Alter Judgment of the Court Pursuant to 59(e), (Doc. 59), is DENIED.

DATED this 7th day of February, 2021.

CHARLES C. LOVELL
Senior United States District Judge

8